DAVIS, Circuit Judge,
concurring.
I concur in the majority’s decision to affirm the judgment. However, I note that no California court has expressly abrogated or overruled the relevant holding in Blackfield v. Underwriters at Lloyd’s, London, 245 Cal.App.2d 271, 53 Cal.Rptr. 838, 840-41 (1966), which narrowly interpreted the phrase “that particular part” in the context of a general contractor. This narrow interpretation by the First District of the California Courts of Appeal, which formally remains good law, is clearly at odds with the broader interpretation adopted in more recent cases. Notably, however, none of the above cases cited by the majority were decided by or in the First District. Clarendon Am. Ins. Co. v. Gen. Sec. Indem. Co. of Arizona, 193 Cal.App.4th 1311, 124 Cal.Rptr.3d 1, 11 (2011) (Second District); George F. Hillenbrand, Inc. v. Ins. Co. of N. Am., 104 Cal.App.4th 784, 128 Cal.Rptr.2d 586, 601-02 (2002) (Third District); Toll Brothers, Inc. v. One-Beacon Ins. Co., No. G042196, 2011 WL 883000, at *7 (Cal. Ct. App. Mar. 15, 2011) (Fourth District); Western Employers Ins. Co. v. Arciero & Sons, Inc., 146 Cal.App.3d 1027, 194 Cal.Rptr. 688, 690 (1983) (Second District). Given this inconsistency within California’s intermediate appellate courts, as well as the high financial stakes at issue in this case, I would certify this question of law to the California Supreme Court. See Cal. Rule of Ct. 8.548; Nordyke v. King, 229 F.3d 1266, 1270 (9th Cir. 2000) (certifying a question of law where “there is tension in the reasoning underlying several decisions of the Courts of Appeal of the State of California.”).
Nonetheless, I understand “we have a duty to [certify questions of law] sparingly and sensibly,” especially given the realities of certification and docket congestion. See Kremen v. Cohen, 325 F.3d 1035, 1044, 1050-51 (9th Cir. 2003) (Kozinski, J., dissenting) (noting that the California Supreme Court is burdened by a heavy docket and has rejected a significant number of cases certified by this Circuit). “Where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state’s intermediate appellate courts,” Ryman v. Sears, Roebuck and Co., 505 F.3d 993, 995 (9th Cir. 2007) (alteration marks, internal quotation marks, and citation omitted), and the majority identifies the California Courts of Appeal’s more recent and consistent efforts to broadly interpret the relevant language. In light of these considerations, I *608 concur in the majority’s decision to affirm the judgment.