## CATERPILLAR TRACTOR CO., Petitioner,

v.

## NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 79–7239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1980.

Decided March 2, 1981.

Michael Salinsky, San Francisco, Cal., argued for petitioner; William W. Watkins, San Francisco, Cal., on brief.

Dan Siegel and Fred Harvard, Washington, D. C., for respondent; Elliott

---

Moore, N. L. R. B., Washington, D. C., Jonathan Siegel, Siegel, Meyers, Siegel, Friedman & Dickstein, Oakland, Cal., on brief.

Before DUNIWAY, TANG and CANBY, Circuit Judges.

TANG, Circuit Judge.

The question presented is whether substantial evidence supports the finding that Caterpillar Tractor Company violated the National Labor Relations Act on two occasions when it disciplined union steward Everett Cleveland. We find that there is substantial evidence, and therefore, deny Caterpillar's petition for review, and grant the Board's cross-application for enforcement of its order.

## I.

◼ The Board found that Caterpillar violated §§ 8(a)(1) and 8(a)(3) of the Act when Caterpillar issued a warning to Cleveland for his communication with employees in a department other than his own, because Caterpillar's action was a discriminatory application of a plant rule that was motivated by Cleveland's status as chief steward. We agree that § 8(a)(1) was violated. We therefore need not consider whether § 8(a)(3) was also violated.

Caterpillar's discriminatory enforcement of plant rules against Cleveland because he was a union steward interfered with the exercise of Cleveland's Section 7 rights. Caterpillar defends its disparate treatment of Cleveland on the ground that the presence of a union steward is "inherently disruptive." This reason, however, does not constitute a legitimate business justification under the facts of this case. The record shows that the brief visits and communications by Cleveland which precipitated his discipline were either just before or near the end of the work day and did not disrupt the plant's work activity. "In such a situa-

tion, there is no need to inquire into motive and no need to balance competing rights." *National Cash Register Co. v. NLRB*, 466 F.2d 945, 963 (6th Cir. 1972), *cert. denied* 410 U.S. 966, 93 S.Ct. 1442, 35 L.Ed.2d 700 (1973); *see also Textile Workers Union v. Darlington Manufacturing Co.*, 380 U.S. 263, 268–69, 85 S.Ct. 994, 998, 13 L.Ed.2d 827 (1965).

## II.

◼ The Board also found that Caterpillar violated § 8(a)(1) of the Act when it suspended Cleveland for 60 days because he assisted an employee with the filing of her grievance.

Cleveland, as the chief union steward, was authorized under the bargaining contract to write up employee grievances. He was engaged in protected activity when he went to assist employee McPherson in department 94cc. *See Keokuk Gas Service So. v. NLRB*, 580 F.2d 328, 333 (8th Cir. 1978); *Inter-Polymer Industries, Inc. v. NLRB*, 480 F.2d 631, 633 (9th Cir. 1973). Supervisor Simi's order that Cleveland write the grievance outside on a dirty table where a truck was unloading was a restraint on that activity. With little contradiction, the record shows that the indoor lunch room, not the picnic table, was the area where grievances were usually written up. Simi's arbitrary decision to restrict access to the lunch room, in addition to other evidence showing that Simi was trying to discourage resort to the grievance procedure, provided a substantial basis for the Board's conclusion that Caterpillar had violated § 8(a)(1). In view of the fact that even a past supervisor had designated the lunch room as a proper place to write up grievances, Caterpillar's purported business justification for Simi's improvised rule—to prevent disruption—appears to be a pretext.

In light of the above, the fact that Cleveland reacted to Simi's action with an outburst of profanity does not provide good cause for his suspension. Although such

conduct cannot be condoned, the Board reasonably found here that it was a response to Simi's interference with protected activity. *See NLRB v. Max Factor & Co.,* 640 F.2d 197 (9th Cir. 1980); *Trustees of Boston University v. NLRB,* 548 F.2d 391 (1st Cir. 1977); *NLRB v. Mueller Brass Co.,* 501 F.2d 680 (5th Cir. 1974).

Caterpillar's petition for review is denied and the Board's cross-application for enforcement is granted.