Argued and submitted February 5, reversed and remanded September 1, petition for review denied December 14, 2004 (337 Or 658)

Nakia L. YEAGER,
*Appellant,*

*v.*

PROVIDENCE HEALTH SYSTEM OREGON,
an Oregon nonprofit corporation,
dba Providence Hood River Memorial Hospital,
*Respondent.*

0205-04423; A119201

96 P3d 862

Philip C. Gilbert argued the cause and filed the briefs for appellant.

Janine C. Blatt argued the cause for respondent. With her on the brief were Jeffrey J. Druckman and Druckman & Associates, P.C.

Before Linder, Presiding Judge, and Deits, Chief Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

Plaintiff is a former employee of defendant. After defendant terminated plaintiff's employment, she initiated this action for violation of the Oregon Family Leave Act, ORS 659A.150 - 659A.186 (OFLA), and for common-law wrongful discharge. Defendant moved to dismiss the complaint on the ground that it failed to state a claim. *See* ORCP 21 A(8). The trial court granted defendant's motion, and plaintiff appeals. We reverse and remand.

In reviewing the legal sufficiency of the complaint, we consider only the facts alleged, accepting as true all well-pleaded allegations and giving plaintiff the benefit of all favorable inferences that reasonably may be drawn from those allegations. *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999); *Durham v. City of Portland*, 181 Or App 409, 414, 45 P3d 998 (2002). "A pleading that alleges a material fact as to each element of the claim for relief, even if vague, is sufficient to survive a motion to dismiss." *McAlpine v. Multnomah County*, 131 Or App 136, 138, 883 P2d 869 (1994), *rev den*, 320 Or 507 (1995).

Plaintiff alleged that defendant employed her beginning on or about July 26, 2001, until on or about February 15, 2002. On or about December 31, 2001, plaintiff applied for leave under OFLA for the period from January 15 through February 11, 2002. Plaintiff's manager and defendant's human resources representative approved the application. About the time that her leave was to expire, plaintiff informed defendant that her treating physician would not release her to return to work until February 18, 2002. Defendant terminated plaintiff's employment on or about February 15, effective February 18.

In her first claim, plaintiff alleged that defendant terminated her employment "in substantial part because plaintiff had taken leave under" OFLA. In her second claim, plaintiff realleged her first claim and also alleged that defendant's "termination of plaintiff constituted an intentional breach of the public policies favoring an employee's right to

seek time off work in order to obtain medical care for a serious medical condition."

Defendant moved to dismiss both claims. It challenged plaintiff's first claim on two grounds: First, OFLA does not provide a remedy for a retaliatory termination, and second, plaintiff had not been employed long enough to qualify for such leave. Regarding the latter point, defendant observed that the dates alleged in the complaint demonstrated that plaintiff had been employed for only 173 days before her leave commenced and that an employee is not entitled to OFLA leave until the employee has been employed for 180 days. *See* ORS 659A.156(1)(a) ("All employees of a covered employer are eligible to take leave for one of the purposes specified in ORS 659A.159(1)(b) to (d) except: [an] employee who was employed by the covered employer for fewer than 180 days immediately before the date on which the family leave would commence."). According to defendant, plaintiff's second claim—for common-law wrongful discharge—failed for the same reason, that is, because her complaint demonstrated that she had no rights under OFLA.

The trial court granted defendant's motion to dismiss:

"On the face of the complaint, plaintiff cannot maintain a statutory claim under OFLA because plaintiff worked for defendant for only 173 days before taking a leave of absence. Furthermore, as pled, plaintiff's wrongful discharge claim incorporates all the facts and allegations in count 1 and thus is based on OFLA. Defendant's motion to dismiss plaintiff's complaint is granted."

The trial court also granted plaintiff leave to amend her complaint "to plead any additional claims," but plaintiff never did so. The trial court entered judgment in defendant's favor.

On appeal, plaintiff asserts that the trial court erred in dismissing each of her claims and in not allowing her to replead her existing claims. She asserts that OFLA provides a remedy for a person who invokes its provisions—even if the person invoking those protections ultimately is determined not to be entitled to them. Plaintiff argues that her second claim should not have been dismissed because her first claim

was adequately pleaded and that, even if her first claim failed because OFLA provides no remedy, her second claim was sufficient.[1]

■    We begin by addressing whether OFLA itself provides a remedy for an employee who has been discharged for pursuing her rights under the act. ORS 659A.885(1) provides, in part, that "[a]ny individual claiming to be aggrieved by an unlawful practice specified in subsection (2) of this section may file a civil action in circuit court." ORS 659A.885(2), in turn, provides that "[a]n action may be brought under subsection (1) of this section for the following unlawful practices," and lists a number of statutes in chapter 659A, including ORS 659A.150 to 659A.186, the statutes that comprise OFLA. Those provisions establish that an employee who claims to have been aggrieved by an OFLA violation may bring a legal action against the employer.

Yet, as defendant points out, no statutory provision within OFLA makes it an "unlawful practice" to discharge an employee in retaliation for exercising OFLA rights. According to defendant, only the *denial* of leave is an unlawful practice. *See* ORS 659A.183 ("A covered employer who denies family leave to an eligible employee in the manner required by ORS 659A.150 to 659A.186 commits an unlawful employment practice."). Thus, defendant concludes, the legislature did not provide a civil action for retaliatory discharge under OFLA.

But other statutes and an administrative rule suggest otherwise. ORS 659A.001(12) defines "unlawful practice" for purposes of OFLA to include "a practice that violates *a rule* adopted by the commissioner for the enforcement of the provisions of this chapter." (Emphasis added.) The Commissioner of the Bureau of Labor and Industries (BOLI) has promulgated such a rule. OAR 839-009-0320(3) provides:

"It is an unlawful employment practice for an employer to retaliate or in any way discriminate against any person with respect to hiring, tenure or any other term or condition

---

[1] Because we conclude that the trial court erred in dismissing the complaint, we do not address whether plaintiff should have been allowed to amend her complaint.

of employment because the person has inquired about OFLA leave, submitted a request for OFLA leave or invoked any provision of [OFLA]."[2]

To summarize, the relevant statutes and administrative rule make it clear that the legislature intended to provide a civil action for an unlawful practice under OFLA. An unlawful practice is defined to include a violation of a rule adopted by BOLI. Here, BOLI has adopted a rule that makes it an unlawful employment practice to retaliate against an employee for inquiring about OFLA leave, submitting a request for OFLA leave, or in any way invoking the provisions of OFLA. In combination, the relevant statutes and administrative rule create a civil remedy for retaliatory discharge under OFLA. *See Bronson v. Moonen*, 270 Or 469, 476, 528 P2d 82 (1974) ("Administrative rules and regulations are to be regarded as legislative enactments having the same effect as if enacted by the legislature as part of the original statute."). In short, an employee may, under ORS 659A.885(1), bring an action for retaliation under OFLA.

■ Having determined that OFLA provides a remedy for retaliatory discharge, we next address whether plaintiff adequately pleaded her OFLA claim. As noted, plaintiff alleged that she was hired "on or about" July 26, 2001, and that she took leave "on or about" January 15, 2002—a period of 173 days. As defendant correctly points out, an employee is not eligible for OFLA-covered leave if the employee has worked for the employer for fewer than 180 days immediately before the date on which the leave would commence. *See* ORS 659A.156(1)(a). According to defendant, the complaint itself made it clear that plaintiff had no rights under OFLA and the trial court correctly dismissed plaintiff's first claim on that basis. Plaintiff replies that "OFLA's non-retaliation provisions" do not "apply only to those persons who also satisfy the statute's coverage requirements for taking protected leave." For the reasons set out below, we agree with plaintiff.

---

[2] That rule was adopted pursuant to ORS 659A.805(1)(e), which gives BOLI broad authority to adopt rules "[c]overing any * * * matter required to carry out the purposes of this chapter."

OAR 839-009-0320(3) expansively defines the "unlawful practice" at issue as retaliating against a person who "has *inquired about* OFLA leave, *submitted a request for* OFLA leave or *invoked any provision of* [OFLA]." (Emphasis added.) BOLI, exercising the broad authority granted by the legislature, has implemented the policy choice that employers may be liable for retaliating against employees merely for invoking the provisions of OFLA. Under BOLI's rule and the relevant statutes, an OFLA retaliation claim is not limited to an employee who is eligible for and has taken OFLA-protected leave.

Here, whether or not plaintiff actually was entitled to OFLA-protected leave, she adequately alleged that she was discharged in retaliation for invoking a provision of OFLA. The trial court erred in dismissing plaintiff's first claim.

The trial court likewise erred in dismissing plaintiff's second claim. "In general, an employer may discharge an employee at any time, for any reason, unless doing so violates a contractual, statutory or constitutional requirement." *Banaitis v. Mitsubishi Bank*, 129 Or App 371, 376, 879 P2d 1288 (1994), *rev dismissed*, 321 Or 511 (1995). But there is an exception to that rule "when the discharge is for exercising a job-related right that reflects an important public policy." *Babick v. Oregon Arena Corp.*, 333 Or 401, 407, 40 P3d 1059 (2002). In determining whether the job-related right reflects an important public policy, we look to constitutional and statutory provisions, as well as to the case law of this and other jurisdictions. *Cf. Dunwoody v. Handskill Corp.*, 185 Or App 605, 616, 60 P3d 1135 (2003) (stating that principle regarding the related "public duty" exception to the general at-will discharge rule).

We need not look far to find the relevant public policy here. ORS 659A.186(2) provides that OFLA "shall be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Family and Medical Leave Act of 1993" (FMLA). FMLA includes a preamble that emphasizes the importance of family leave:

"It is the purpose of this Act—

"(1)   to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity;

"(2)   to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition;

"(3)   to accomplish the purposes described in paragraphs (1) and (2) in a manner that accommodates the legitimate interests of employers;

"(4)   to accomplish the purposes described in paragraphs (1) and (2) in a manner that, consistent with the Equal Protection Clause of the Fourteenth Amendment, minimizes the potential for employment discrimination on the basis of sex by ensuring generally that leave is available for eligible medical reasons (including maternity-related disability) and for compelling family reasons, on a gender-neutral basis; and

"(5)   to promote the goal of equal employment opportunity for women and men, pursuant to such clause."

29 USC § 2601(b) (2004). In light of ORS 659A.186(2), we conclude that the Oregon legislature likely had the same goals in mind when it adopted OFLA.

Moreover, we have addressed previously the public policy at work in allowing retaliation claims for good faith invocation of a statutory right, whether or not that right actually exists. In *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or App 107, 684 P2d 21, *rev den*, 298 Or 37 (1984), the plaintiff brought an action for wrongful discharge, alleging that she had been fired because she had threatened to report an instance of staff abuse of a patient at the employer nursing home. We concluded that an employee is protected from discharge for good faith reporting of what the employee believes to be patient mistreatment. We explained:

"Statutes which protect employes against retaliation do not require that the alleged violation which the employe claims be ultimately proved. *See, e.g.*, ORS 652.355 (protects an employe who merely consults an attorney or agency about a

wage claim); ORS 654.062(5) (protects any employe who makes a complaint under the Oregon Safe Employment Act); ORS 659.030(1)(f) (prohibits discrimination against an employe who filed a civil rights complaint); ORS 663.120(3) (prohibits discharging or discriminating against an employe for filing an unfair labor practices complaint). We have, in fact, upheld awards for retaliation despite holding that the original complaint did not show discrimination. Similar considerations of public policy lead to our conclusion that an employe who reports a violation of a nursing home patient's statutory rights in good faith should be protected from discharge for that action."

*Id.* at 111-12 (citations and footnote omitted); *see also McPhail v. Milwaukie Lumber Co.*, 165 Or App 596, 606, 999 P2d 1144 (2000) ("The statutory protections for filing a complaint, testifying, or assisting in an administrative proceeding, of course, do not require that the complaint be valid; the legislature considered it important to protect those who do those things whether or not the claim was ultimately successful.").

As in *McQuary*, 69 Or App at 111, we are required to choose between competing social values: either an employee must act at her peril in invoking a right to OFLA leave, risking her job if it turns out that she was not actually entitled to such leave, or the employer must act at its peril in firing her for invoking a right to such leave, risking damages if it turns out that the employee acted in good faith. On balance, we believe the potential social harm that could follow from encouraging the invocation of a right to OFLA leave that may turn out to be unfounded is far less troubling than the potential risk that employees will not invoke that statutory right for fear of the consequences they could face if they have assessed their eligibility inaccurately. Conversely, the potential social benefit that follows from prohibiting the discharge of an employee who erroneously but in good faith invokes a right to OFLA leave is far greater than the social benefit, if any, that may follow from allowing an employer to terminate an employee who in good faith invokes such a right to which she actually is not entitled.

■ We conclude, then, that a complaint that includes an allegation that the plaintiff was discharged in retaliation for

invoking her rights under OFLA states a claim for common-law wrongful discharge. The next question is whether plaintiff pleaded such a claim.

In addition to alleging that she was discharged for taking OFLA-protected leave, plaintiff alleged, "Defendant's termination of plaintiff constituted an intentional breach of the public policies favoring an employee's right to seek time off work in order to obtain medical care for a serious medical condition." That allegation states a claim for wrongful discharge. As with plaintiff's statutory claim, the trial court should not have dismissed the common-law wrongful discharge claim. Because plaintiff adequately pleaded both of her claims, the trial court erred in dismissing plaintiff's complaint.

Reversed and remanded.