Jeff DENNY, Plaintiff—Appellant,

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant— Appellee.**

No. 04–35490.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Filed March 9, 2006.

Paul S. Bovarnick, Esq., Rose Senders & Bovarnick, Portland, OR, for Plaintiff–Appellant.

David J. Riewold, Esq., Bullard Smith Jernstedt Wilson, Portland, OR, for Defendant–Appellee.

Before: FERGUSON, KLEINFELD, and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiff Jeff Denny appeals from an adverse judgment on his claims under the federal Family and Medical Leave Act of 1993 ("FMLA") and the Oregon Family Leave Act ("OFLA").

■ 1. After a four-day trial, the district court found, with respect to Plaintiff's claim under 29 U.S.C. § 2615(a)(1), that Plaintiff's request for medical leave was not a "negative factor" in the decision to terminate him, *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124–25 (9th Cir.2001), and that Defendant Union Pacific Railroad had fired Plaintiff because of a heated exchange with his supervisor, during which he swore at his supervisor and asked his supervisor to "take it outside." The court's factual findings are not clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (holding that the fact-finder's choice between two permissible views of the evidence cannot be clearly erroneous).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

2. The district court's refusal to make a finding as to what Plaintiff actually said does not make the findings clearly erroneous. The question is not what Plaintiff actually said, but only whether Defendant fired him because of what Defendant believed he said, rather than for a reason prohibited by the FMLA. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir.2002) (noting that it is unimportant whether the employer's otherwise permissible reasons for a termination were wrong, so long as it honestly believed them).

3. We need not decide what level of causation is required for a retaliation claim under 29 U.S.C. § 2615(a)(2). *See Bachelder*, 259 F.3d at 1125 n. 11 (reserving question of what standard to apply under FMLA's anti-retaliation provision). That is so because of the district court's finding of fact that there was *no* causal relationship between Plaintiff's protected opposition to the denial of his request for leave and his termination.

4. Even if Defendant had been unjustified in denying leave, an issue that we need not resolve, the district court's findings are not clearly erroneous. An employee's opposition activity is "protected only if it is reasonable in view of the employer's interest in maintaining a harmonious and efficient operation." *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir.1996) (internal quotation marks omitted). In other words, an employee's insubordination and fighting words are not protected merely because the underlying subject is protected.

5. The district court erred when it held that there is no recognized claim for retaliation under OFLA. After the district court's ruling in this case, *Yeager v. Providence Health Sys. Or.*, 195 Or.App. 134, 96 P.3d 862, 865 (2004), held that there is such a right of action.

Nevertheless, that error is harmless in the particular circumstances of this case. Plaintiff does not claim that there was additional or different *factual* evidence that he could have presented on the state claim but that he did not present on the federal claim that went to trial. And, after a full trial on the merits of the federal claim, the district court found that Plaintiff was fired not for protesting the denial of leave, but for swearing at and offering to fight with his supervisor. In these circumstances, the parallel state claim could not have yielded a different result. *See* Or.Rev.Stat. § 659A.186(2) (noting that OFLA shall be construed in a manner consistent with similar provisions of the FMLA).

AFFIRMED.

FERGUSON, Circuit Judge, dissenting:

On July 4, 1999, Jeff Denny awoke with severe back pain due to an existing work-related injury. Denny called his supervisor, Mr. Ritter, at the Union Pacific Railroad Company and asked for the day off as part of his family leave, guaranteed under both the federal Family Medical Leave Act ("FMLA") and the Oregon Family Leave Act ("OFLA"). Over the phone, Ritter denied Denny's request. Denny asked Ritter to put the denial in writing, and a little over an hour later, Denny arrived at his workplace to discuss the leave with Ritter. Denny's wife drove him to work because he was in too much pain to drive himself. After a brief discussion in Ritter's office, Denny, on the advice of his union representative, went downstairs to print out some documents. Ritter also moved downstairs and, a few minutes later, a heated argument broke out between Ritter and Denny over the matter of the leave.

Union Pacific claims, and the District Court and majority agree, that Denny was fired because of his actions during this argument. Denny swore at Ritter and, at one point, asked to move the argument "outside." These actions, however, stemmed directly from Denny's legitimate request for leave and therefore are protected. Furthermore, under the circumstances, it was unreasonable for Union Pacific to fire Denny based on his use of profanity, which was common in the railroad workplace, and his request to take the argument outside, which cannot reasonably be construed as a threat. The District Court clearly erred by concluding Denny's request for leave was not a negative factor in his termination. Therefore, I respectfully dissent.

## I.

With respect to Denny's 29 U.S.C. § 2615(a)(1) claim, the majority holds that the District Court's conclusion that Denny's request for leave was not a "negative factor" in his termination is not clearly erroneous because it is one of two permissible views of the evidence. Maj. dispo. at ——. I disagree for two reasons. First, Denny's profanity and alleged threat are inextricably linked to his attempt to exercise his right to family leave. Therefore, they cannot be divorced from that request and characterized as intervening factors that fully account for his termination. Second, even if Denny's actions are not protected, given the context in which his comments were made, they could not form a reasonable basis on which to fire Denny. Therefore, the District Court clearly erred

by taking an unreasonable, impermissible view of the evidence.

## A.

The majority asserts that Denny's profanity and request to "take it outside" are not protected activity stemming from his valid request for family leave [1] because an employee's opposition activity is "protected only if it is reasonable in view of the employer's interest in maintaining a harmonious and efficient operation." Maj. dispo. at —— (citing *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir.1996)).[2] The inquiry into whether opposition activity is protected, however, is much more contextualized than the majority suggests when it states in a conclusory fashion that "an employee's insubordination and fighting words are not protected merely because the underlying subject is protected." Maj. dispo. at ——.

In *O'Day*, the employee's opposition activity consisted of stealing sensitive personnel documents. 79 F.3d at 762–63. This Court was unwilling to grant protection to such a "serious breach of trust." *Id.* at 763. Denny's use of profanity and request to take the argument "outside" is not nearly so serious a threat to a harmonious and efficient work environment as is stealing private personnel information. This is especially true in Denny's railroad work environment where, as Ritter and several of Denny's other supervisors and co-workers admit, profanity is very common. In fact, this Court has recognized that the use of profanity cannot be the

---

1. The majority does not resolve the issue of whether Union Pacific was unjustified in denying leave to Denny. Maj. dispo. at ——. However, the District Court resolved this issue when it granted Denny summary judgment on his OFLA wrongful denial of leave claim.

2. As this Court did in *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1123 (9th Cir. 2001), I compare the causation analysis under § 8(a)(1) of the National Labor Relations Act with the standard under § 2615(a)(1) of the FMLA.

basis for an adverse employment decision when the profanity is in response to an employer's interference with a protected activity. *See, e.g., Caterpillar Tractor Co. v. NLRB,* 638 F.2d 140, 141–42 (9th Cir. 1981) (holding that use of profanity cannot provide good cause for a suspension when the profanity is reasonably found to be a response to an employer's interference with a protected activity); *Hawaiian Hauling Serv., Ltd. v. NLRB,* 545 F.2d 674, 676 (9th Cir.1976) (holding that "shouting and profanity are common and are protected activities" in the high emotion setting of grievance meetings).

Issuing a threat of physical violence to a co-worker, however, may well be considered a disruption of a harmonious and efficient work environment, but it is unreasonable to conclude that Denny's statement to Ritter that they "take it outside" was such a threat of violence or, as the majority characterizes it, "fighting words." Maj. dispo. at ——. According to Ritter, the following conversation occurred during his argument with Denny:

Ritter: "You cannot talk to me like that."

Denny: "I'm not on duty."

Ritter: "You're on company property and you can't speak to me in that manner."

Denny: "Well, let's take it outside off property."

Ritter: "Is that a threat?"

Denny: "No, that's not a threat."

Furthermore, during this conversation, Ritter was pointing his finger in Denny's face, but Denny had his hands at his side and made no indication he intended to physically assault Ritter. By putting Denny's statement in context, it is clear that Denny's request that Ritter "take it outside" was not a normal, schoolyard threat, as the District Court interpreted it. At most, it was a request to move off company property so that Denny could speak freely to Ritter. No physical violence was implied, and Denny's response that his statement was "not a threat" should have disabused Ritter of any unreasonable belief that Denny had been physically threatening him.

According to Ritter's own account of the conversation, Denny's request to move the argument outside, while an ill-advised choice of words, was simply a response to Ritter's statement regarding Denny's ability to speak freely on company property, not a threat of violence. Therefore, it should be considered a protected response to Ritter's interference with Denny's right to take family leave and not an intervening basis on which Union Pacific could justifiably fire Denny.

### B.

Even if Denny's profanity and request that the argument be taken outside is not a protected response to Ritter's interference with Denny's rights, Union Pacific could not reasonably fire Denny based on his statements.

Hunt, the local superintendent of Union Pacific, testified that profanity, including the word "fuck," is often used in the Union Pacific workplace. Ritter, Denny, and another of Denny's co-workers, Abel, all agree profanity is commonly used in the workplace and no disciplinary action is taken. When profanity is commonly used in a workplace, its use cannot constitute a valid reason for which an employee may be terminated. *See Dash v. NLRB,* 793 F.2d 1062, 1068–69 (9th Cir.1986). Rather, in such circumstances, firing an employee based on his use of profanity is likely a pretext. Furthermore, as explained in the previous section, it was unreasonable for Ritter to conclude that Denny's request to

"take it outside" was a threat of physical violence.[3]

Therefore, the District Court clearly erred by concluding that Union Pacific fired Denny based solely on his heated statements because those statements do not constitute reasonable or valid bases on which to dismiss Denny.

## C.

Given that Denny's profanity and request to take the argument outside were not reasonable bases on which to fire him, and the fact that Union Pacific offers no other reason for Denny's termination, it is likely Denny was fired because of his request for family leave. The factual record supports this conclusion.

Prior to the July 4 weekend, Ritter told Denny's union representative that Ritter planned to deny family leave to Denny if he asked for it that weekend. Then, after Denny's argument with Ritter, Ritter and a co-worker were overheard saying they "were trying to figure out what charges to bring against a guy [Denny] today" and "we finally got him [Denny] now." Finally, Denny was dismissed on the same day he made his protected request for leave, giving rise to an inference that the dismissal was based, at least in part, on the request. *Cf. Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir.2005) (stating that temporal proximity provides an evi-dentiary basis from which an inference of causation may be drawn).

Because Denny's request for family leave was a negative factor in his termination, his rights under § 2615(a)(1) of the FMLA were breached. I would enter judgment in favor of Denny and remand to the District Court for calculation of damages.

## II.

Because I would grant Denny relief under 29 U.S.C. § 2615(a)(1), I do not address his contention that the District Court erroneously applied a "but for" standard of causation to his retaliation claim under 29 U.S.C. § 2615(a)(2).

## III.

Additionally, the District Court erred by granting Union Pacific summary judgment on Denny's OFLA retaliation claim. As the majority points out, *Yeager v. Providence Health Sys. Or.*, 195 Or.App. 134, 96 P.3d 862, 865 (2004), held that such a right of action exists under the OFLA. Maj. dispo. at ——. Unlike the majority, however, I conclude this error was not harmless. Denny's request for leave was at least a negative factor in his termination. Therefore, he may be entitled to relief under the OFLA as well as the FMLA. *See* Or.Rev. Stat. § 695A.186(2) (noting that OFLA shall be construed in a manner consistent with similar provisions of the FMLA).

---

**3.** The majority imports a subjective honest belief standard from the Title VII context into the FMLA context. *See* maj. dispo. at —— (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir.2002)). I disagree with the importation of this standard into the FMLA context because this Court has rejected the use of a subjective standard to determine liability in at least one aspect of the FMLA discrimination inquiry. *See Bachelder*, 259 F.3d at 1130 ("the company's liability does not depend on its subjective belief concerning whether the leave was protected"). Furthermore, even relying on Ritter's own subjective account of what occurred during his conversation with Denny, it is unreasonable to conclude Denny was being unduly insubordinate and challenging Ritter to a fight, which places in considerable doubt Ritter's claim that he honestly believed Denny's statements justified his termination.

I would reverse the District Court's grant of summary judgment and remand for a new trial on Denny's OFLA claim.