**Jeremy CAMERON, Plaintiff— Appellant,**

v.

**T–MOBILE USA, INC., Defendant— Appellee.**

No. 05–35489.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed Oct. 12, 2007.

William D. Stark, Salem, OR, for Plaintiff–Appellant.

Paula A. Barran, Esq., Todd A. Hanchett, Esq., Barran Liebman, LLP, Portland, OR, for Defendant–Appellee.

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

## MEMORANDUM *

Jeremy Cameron appeals from the district court's grant of summary judgment in favor of his former employer, T–Mobile USA, Inc. Cameron contends that T–Mobile violated the Oregon Family Leave Act, ("OFLA"), Or.Rev.Stat. §§ 659A.150–659A.186, by including in its termination decision those days that Cameron had been absent from work in order to care for his sick children. The district court declined to rule on the merits of this claim on the ground that Cameron had cited irrelevant portions of the statute in the pretrial order. While the pretrial order does indeed reflect this error, our case law instructs that a pretrial order "should be liberally construed to permit any issues at trial that are 'embraced within its language.'" *Miller v. Safeco Title Ins. Co.,* 758 F.2d 364, 368 (9th Cir.1985) (quoting *United States v. First Nat'l Bank of Circle,* 652 F.2d 882, 886–87 (9th Cir.1981)). Cameron clearly intended to preserve and present for trial his contention that T–Mobile violated OFLA by taking into account his family leave absences, and the incorrect statutory citation should not have barred consideration of this claim on the merits.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Applying Oregon state law to this claim, *see Ryman v. Sears, Roebuck & Co.,* 505 F.3d 993 (9th Cir.2007), we further conclude that summary judgment was inappropriate on the merits. OFLA provides a cause of action for an employee who was terminated in violation of OR. ADMIN. R. 839–009–0320. *Yeager v. Providence Health Sys. Or.,* 195 Or.App. 134, 96 P.3d 862, 865 (2004). That regulation specifies that "[i]t is an unlawful employment practice for an employer to count OFLA leave against an employee in determining the employee's compliance with attendance policies." OR. ADMIN. R. 839–009–0320 (2007). Here there is evidence, including the testimony of the call center's manager, from which a finder of fact could conclude that T–Mobile counted protected absences against Cameron in violation of the quoted regulation.

■ On the present record, summary judgment was also inappropriate on Cameron's common-law wrongful discharge claim. *See Yeager,* 96 P.3d at 867. In addition to the call center manager's testimony, the record also reflects discrepancies in T–Mobile's internal documents regarding the reasons for Cameron's other absences, creating uncertainty about how many of Cameron's absences were protected by OFLA. These questions of fact are material to whether Cameron's protected absences were a "substantial factor" in T–Mobile's decision. *See Estes v. Lewis & Clark Coll.,* 152 Or.App. 372, 954 P.2d 792, 797 (1998).

Because the district court failed to apply *Yeager* in its consideration of Cameron's second claim (alleged retaliation for objecting to the company's family leave policies), we remand for the district court to apply Oregon state law and decide in the first instance whether Cameron can survive summary judgment on this claim. *See Ryman,* 505 F.3d at ——.

■ We affirm summary judgment on Cameron's third claim, in which he alleges that T–Mobile violated OFLA by failing to inform and train managers and employees about OFLA requirements. The district court correctly concluded that OFLA does not obligate employers to provide training to managers and employees. Although OFLA does obligate employers to post notice of the statute's provisions, *see* OR. REV.STAT. § 659A.180, T–Mobile introduced specific evidence that the company complied with this requirement. The affidavits submitted by Cameron and his co-worker stating that they "never saw" any posters were insufficient to create a triable issue of fact in light of the evidence proffered by T–Mobile.

The parties shall bear their own costs on appeal.

AFFIRMED in part, REVERSED and REMANDED in part.