NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JENNIFER RIEMAN,

        Plaintiff-Appellant,

  v.

EVRAZ, INC. NA, a Delaware corporation,

        Defendant-Appellee.

No.   19-35617

D.C. No. 3:16-cv-02264-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Argued and Submitted October 7, 2020
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[**] District Judge.

    Jennifer Rieman ("Rieman") appeals the district court's order granting

summary judgment to her former employer, EVRAZ, Inc. ("EVRAZ") on her

claims for violations of the Oregon Family Leave Act ("OFLA"), Or. Rev. Stat. §

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       [**]    The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

659A.183, and Oregon's employment discrimination law, Or. Rev. Stat. §

659A.030. Rieman alleges that EVRAZ impermissibly used her OFLA-protected

leave as a factor in the decision to terminate her ("OFLA interference claim") and

further violated Oregon's employment discrimination law by impermissibly using

her gender as a "substantial factor" in the decision to terminate her ("gender

discrimination claim"). The district court granted summary judgment to EVRAZ

on both claims. We affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the

district court's summary judgment ruling. *Xin Liu v. Amway Corp.*, 347 F.3d 1125,

1131–32 (9th Cir. 2003).

**1.** The district court properly granted summary judgment on Rieman's

OFLA interference claim.[1] We construe a claim like Rieman's—that a termination

was motivated by an employee's use of protected leave—as an "interference"

claim, rather than a "retaliation" claim. *See Bachelder v. Am. W. Airlines, Inc.*,

259 F.3d 1112, 1124 (9th Cir. 2001). Interference claims are not subject to the

*McDonnell Douglas* framework. *Id.* at 1125. Rather, an employee may prevail on

an interference claim by showing, "by a preponderance of the evidence[,] that her

taking of . . . protected leave constituted a negative factor in the decision to

---

[1] In construing OFLA, the Oregon courts follow the federal Family and Medical Leave Act of 1993. *Yeager v. Providence Health System*, 96 P.3d 862, 866 (Or. Ct. App. 2004).

terminate her." *Id.* at 1125. Rieman failed to raise a genuine issue of material fact on whether her use of protected leave was a factor in EVRAZ's termination decision. Although a supervisor's "repeated denials of . . . leave and comments about his increased work-load" and "proximity in time between the leave and [the employee's] termination" can support an inference that the employee's use of leave was a factor in her termination, *Liu*, 347 F.3d at 1137, we agree with the district court that the negative comments concerning Rieman's use of protected leave were too remote in time from her termination to establish a causal connection. Further, EVRAZ's application of its attendance policy to Rieman was not irregular and Rieman's two proposed comparators were not similarly situated to her. We also agree with the district court that the declaration by a former human resources specialist was conclusory and failed to raise a triable issue of material fact.

2. The district court properly granted summary judgment on Rieman's gender discrimination claim. We agree with the district court that Rieman failed to satisfy the second and fourth elements of the *McDonnell Douglas* prima facie case—namely, that Rieman failed to meet the minimum qualifications for the position due to her unexcused absenteeism and tardiness, and failed to identify a similarly situated male comparator who was treated more favorably.[2] As to the

---

[2] Under the *McDonnell Douglas* framework, to establish a prima facie case Rieman must show that: (1) she belongs to a protected class; 2) she was qualified for her position and was performing satisfactorily; (3) she experienced an adverse

3

second prong, Rieman failed to show that she was performing satisfactorily according to EVRAZ's legitimate expectations, given her absenteeism. *See, e.g., Alamillo v. BNSF Railway Co.*, 869 F.3d 916, 920 (9th Cir. 2017). As to the fourth prong, her proposed comparator did not accumulate repeated unexcused, unprotected absences and was thus not similarly situated. *See, e.g., Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). Because Rieman failed to make out a prima facie case, she cannot show that her gender was a substantial factor in the termination decision.

**AFFIRMED**.

---

employment action; and (4) others similarly qualified but outside the protected class were treated more favorably. *Hawn v. Exec. Jet Mgmt., Inc.,* 615 F.3d 1151, 1156 (9th Cir. 2010). EVRAZ does not dispute that Rieman satisfied the first and third elements.

4