NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTEN BURNHAM, Individually and as Representative of the Estate of Caroline Burnham and as Representative of Ethan J. Mayne, a minor, | No. 09-16581 |
| | D.C. No. 2:07-cv-08017-DGC |
| Plaintiff - Appellant, | MEMORANDUM[*] |
| v. | |
| UNITED STATES OF AMERICA and RICHARD ALAN YOUNG, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: KLEINFELD and GRABER, Circuit Judges, and CARNEY,[**] District Judge.

The district court did not abuse its discretion by excluding opinion evidence from Mr. Delmar Foote. But Foote also provided evidence of his own visual observations that were relevant and not opinion. His observations that debris consistent with a collision was all on Caroline Burnham's side of the road and that the gouge in the asphalt was on her side of the road would support an inference by the trier of fact that the collision occurred on Burnham's side of the road. Foote's connection of the gouge to an automobile part with which his experience gave him familiarity was admissible lay testimony. See, e.g., United States v. Durham, 464 F.3d 976, 982–83 (9th Cir. 2006) (lay testimony based partly on experience is not the same thing as the specialized knowledge "within the scope of Rule 702, but rather is based upon a layperson's personal knowledge" (internal quotation marks omitted)). The police officer's observation of skid marks extending from Young's lane to Burnham's lane also supported a possible inference that the collision occurred in Burnham's lane.

---

[**] The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

Construing Foote's testimony about debris and gouges and the police observation of the skid marks in the light most favorable to Burnham's estate, this evidence raised a genuine issue of material fact as to who actually caused the accident. Enough evidence exists to support a jury verdict in Burnham's favor at trial, precluding the district court from granting summary judgment against her. See Fed. R. Civ. P. 56(c)(2).

With regard to whether the United States is vicariously liable for Chief Young's possible negligence under the Federal Tort Claims Act, Arizona's doctrine of respondeat superior has evolved since our decision in Hartzell v. United States, 786 F.2d 964 (9th Cir. 1986). A subsequent decision of the Arizona Court of Appeals holds that, when an employee is driving for a regular meal in an employer-provided vehicle away from home, even after he has stopped performing his duties for the day, the employee is within the scope of his employment and his employer can be vicariously liable. McCloud v. Kimbro, 228 P.3d 113 (Ariz. Ct. App. 2010). We "must follow the state intermediate appellate court decision unless [we] find[ ] convincing evidence that the state's supreme court likely would not follow it." Ryman v. Sears, Roebuck & Co., 505 F.3d 993, 994 (9th Cir. 2007). The substantive facts and reasoning of McCloud are materially similar to

3

the operative facts of this case.  The Arizona Court of Appeals in <u>McCloud</u> explained that it could not find any specific "Arizona decision articulating an employer's tort liability for the conduct of an off-duty employee assigned to out-of-town work."  228 P.3d at 115.  There is no good reason to discount this development in Arizona law.  <u>See</u> <u>Winchell v. U.S. Dep't of Agric.</u>, 961 F.2d 1442, 1444 (9th Cir. 1992).  Applying <u>McCloud</u>, we hold that Young was acting within the scope of his employment at the time of the collision.

Because Young was within the scope of his employment with the United States under Arizona law, the United States must be substituted for him as the sole defendant.  28 U.S.C. § 2679(d)(3).  We therefore affirm the district court's grant of summary judgment as to Young, though on different grounds, reverse the district court's grant of summary judgment for the United States, and remand to the district court for proceedings consistent with this opinion.

**AFFIRMED in part, REVERSED in part, and REMANDED.**  Costs on appeal awarded to appellant.