**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KRISTEN BURNHAM, Individually and as Representative of the Estate of Caroline Burnham and as Representative of Ethan J. Mayne, a minor,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA; RICHARD ALAN YOUNG,<br><br>      Defendants - Appellees. | No. 11-17743<br><br>D.C. No. 2:07-cv-08017-DGC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted October 15, 2013**
San Francisco, California

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS and McKEOWN, Circuit Judges, and BENNETT, District Judge.[***]

Plaintiff Kristen Burnham ("Burnham") appeals from the district court's judgment in favor of the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

## I

We review the district court's decisions concerning discovery for an abuse of discretion. *Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008). Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). The same standard applies for modifying a scheduling order on remand. *See Mark H. v. Lemahieu*, 513 F.3d 922, 940 n.16 (9th Cir. 2008). Because Burnham was not diligent in meeting the expert disclosure and fact discovery deadlines, the district court did not abuse its discretion in concluding that good cause did not

---

[***] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

exist for modifying the scheduling order to allow for new disclosures and additional discovery.

## II

The district court did not err in excluding Burnham's expert report, an issue that was contained in her prior appeal. Under the mandate rule of the doctrine of law of the case, "a mandate is controlling as to all matters within its compass, while leaving any issue not expressly or impliedly disposed of on appeal available for consideration by the trial court on remand." *Firth v. United States*, 554 F.2d 990, 993 (9th Cir. 1977). Further, "'one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case.'" *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995) (quoting *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)). Because this Court impliedly affirmed the district court's exclusion of Burnham's expert report in the first appeal in this case, we will not reconsider the issue on this appeal. *See Burnham v. United States*, 400 F. App'x 190, 191 (9th Cir. 2010).

## III

Burnham's claim that "the trial court's finding that plaintiff failed to prove that the defendant's agent was negligent is in error," is waived because she did not

3

present an argument to support it.  *United States v. Williamson*, 439 F.3d 1125, 1137–38 (9th Cir. 2006) (issues raised in brief but not supported by argument are abandoned); *United States v. Tisor*, 96 F.3d 370, 376 (9th Cir. 1996) (issue waived by failing to present argument or pertinent authority to support contentions); *see* Fed. R. App. P. 28(a)(9)(A).

**AFFIRMED.**