NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO ARROYO,

    Plaintiff - Counter-
    defendant - Appellant,

  v.

UNIGARD INSURANCE COMPANY,

    Defendant - Counter-claimant -
    Appellee.

No.   14-16878

D.C. No. 4:13-cv-02810-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 20, 2016**
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and COLLINS,*** Chief
District Judge.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***    The Honorable Raner C. Collins, United States Chief District Judge
for the District of Arizona, sitting by designation.

Plaintiff Pedro Arroyo appeals from the district court's decision on cross-motions for summary judgment in this insurance coverage dispute. The district court granted summary judgment in favor of Defendant Unigard Insurance Company on the ground that Unigard did not owe a duty to defend its insured, Jack Neal & Sons, Inc. and Jack Neal (collectively, "JNS"), in Arroyo's previous state court action alleging that JNS's improper development and management of his vineyard caused property damage. We hold that Unigard did not owe a duty to defend JNS in Arroyo's state court action and, therefore, is not liable to Arroyo.

1. We have jurisdiction under 28 U.S.C. § 1291. A district court's decision on cross-motions for summary judgment is reviewed de novo. *See Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). Under California law, an insurer must provide a defense for its insured against any "suit which *potentially* seeks damages within the coverage of the policy." *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795 (Cal. 1993) (internal quotation marks omitted). Once it appears that claims against the insured create a potential for indemnity, the insurer's defense duty will continue "until it has been shown that there is no potential for coverage." *Montrose Chem. Corp. of Cal. v. Superior*

2

*Court*, 861 P.2d 1153, 1157 (Cal. 1993). In other words, "the insurer must prove [the underlying claims] *cannot*" fall within the policy coverage in order to be relieved of its duty to defend. *Id.* at 1161.

Here, the district court properly concluded that Exclusion J(5) of Unigard's insurance policy issued to JNS precluded coverage of Arroyo's state-court claims. Exclusion J(5) specifically states that Unigard's policy does not cover "property damage" to "[t]hat particular part of real property on which you . . . are performing operations, if the 'property damage' arises out of those operations." The district court properly construed "that particular part of real property" to cover Arroyo's entire vineyard that JNS was hired to develop and manage. The district court also properly concluded that "are performing operations" does not exclude only property damage that developed simultaneously as the work was being performed, but also property damage that clearly flows from the insured's work on the property. Because all of Arroyo's property damage alleged in his state court action arose out of JNS's operations, Exclusion J(5) relieved Unigard of its duty to defend JNS and, therefore, Unigard is not liable to Arroyo.

**AFFIRMED.**

3