NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARCHER WESTERN CONTRACTORS, LTD., an Illinois Corporation,

No.   15-55648

Plaintiff-counter-defendant-Appellant,

D.C. No.
2:14-cv-03041-DMG-MAN

v.

MEMORANDUM *

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a Pennsylvania Corporation,

Defendant-counter-claimant-Appellee.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Before:  SCHROEDER, DAVIS** and MURGUIA, Circuit Judges.

This appeal arises out of an insurance coverage dispute between Plaintiff-

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Appellant Archer Western Contractors, Ltd. ("AWC") and Defendant-Appellee National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"). AWC served as the general contractor[1] for the San Diego County Water Authority's ("Water Authority") emergency water storage project. After settling a construction defect lawsuit brought against it by the Water Authority, AWC filed the instant action against one of its insurers, National Union, for failing to indemnify portions of its settlement obligations. The district court determined that two exclusions barred coverage for the underlying construction defect claims, and it granted summary judgment in favor of National Union. AWC timely appealed the judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      We review de novo a district court's grant of summary judgment. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir. 2000). We also review de novo a district court's analysis of contractual language and its application of principles of contract interpretation, *Sentry Select Ins. Co. v. Royal Ins. Co. of Am.*, 481 F.3d 1208, 1216 (9th Cir. 2007), as well as its interpretation of state law, *Wash. Pub. Power Supply Sys. v. Pittsburgh-Des Moines Corp.*, 876 F.2d 690, 692 (9th Cir. 1989). Under California law, an insurer's duty to indemnify runs only "to claims that are actually covered [by the policy], in light of the facts

---

[1] Until oral argument, AWC did not dispute that it was (and in fact affirmatively characterized itself as) the general contractor on the project.

proved." *Buss v. Superior Court*, 939 P.2d 766, 773 (Cal. 1997) (citations omitted). Where, as here, a case settles prior to trial, the duty to indemnify is determined "on the basis of the settlement, *i.e.*, the undisputed facts set forth in the underlying complaint and those known to the parties." *Sentry Select Ins. Co.*, 481 F.3d at 1215 (internal quotation marks and citations omitted).

2.      The district court properly concluded that exclusions e(5) and e(6) of National Union's insurance policy precluded coverage of the underlying construction defect claims. The e(5) exclusion precludes coverage for property damage to "that particular part of real property on which [the contractor] . . . [is] performing operations, if the Property Damage arises out of those operations," and the e(6) exclusion precludes coverage for property damage to "that particular part of any property that must be restored, repaired, or replaced because [the contractor's] Work was incorrectly performed on it." Under California law, exclusionary clauses are interpreted narrowly against the insurer. *Reserve Ins. Co. v. Pisciotta*, 640 P.2d 764, 768 (Cal. 1982). However, given that "[t]he risk of replacing and repairing defective materials or poor workmanship has generally been considered a commercial risk which is not passed on to the liability insurer," *Maryland Casualty Co. v. Reeder*, 270 Cal. Rptr. 719, 722 (Cal. Ct. App. 1990) (citations omitted), California courts have consistently adopted broad interpretations of the phrases "that particular part" and "arises out of" when

3

applied to a general contractor. *See Health Net, Inc. v. RLI Ins. Co.*, 141 Cal. Rptr. 3d 649, 673 (Cal. Ct. App. 2012), *as modified on denial of reh'g* (June 12, 2012) (broadly defining "arising out of"). Specifically, California courts have construed "that particular part" to encompass the entire project on which a general contractor is performing operations. *See Clarendon Am. Ins. Co. v. Gen. Sec. Indem. Co. of Arizona*, 124 Cal. Rptr. 3d 1, 11 (Cal. Ct. App. 2011); *George F. Hillenbrand, Inc. v. Ins. Co. of N. Am.*, 128 Cal. Rptr. 2d 586, 601-02 (Cal. Ct. App. 2002); *Toll Brothers, Inc. v. OneBeacon Ins. Co.*, No. G042196, 2011 WL 883000, at *7 (Cal. Ct. App. Mar. 15, 2011). *Cf. Western Employers Ins. Co. v. Arciero & Sons, Inc.*, 194 Cal. Rptr. 688, 690 (Cal. Ct. App. 1983) (interpreting work product exclusions that were drafted without the "particular part" language but finding that the purpose of liability insurance policies is "to make the contractor stand its own replacement and repair losses").

Federal courts interpreting identical exclusions under California law are in accord. *See Arroyo v. Unigard Ins. Co.*, No. 14-16878, --- F. App'x ---, 2016 WL 6156045, at *1 (9th Cir. Oct. 24, 2016) (unpublished); *Am. Home Assurance Co. v. SMG Stone Co.*, 119 F. Supp. 3d 1053, 1062-63 (N.D. Cal. 2015). Here, the alleged property damage was to the pump house and turbine generators, discrete portions of the property for which AWC was partially if not fully responsible, and the damage flowed from its allegedly defective work on the property. We

therefore agree with the district court that the above exclusions precluded coverage, and we find that summary judgment was properly entered in favor of National Union.

3. To the extent AWC relies on *Eichler Homes, Inc. v. Underwriters at Lloyd's, London*, 47 Cal. Rptr. 843 (Cal. Ct. App. 1965), and *Blackfield v. Underwriters at Lloyd's, London*, 53 Cal. Rptr. 838 (Cal. Ct. App. 1966), for the proposition that the exclusions' plain meaning is ambiguous, this reliance is misplaced. The question before the *Eichler* court was whether an insurer's broader duty to defend was triggered by damage to property well outside the scope of the project on which the contractor had worked, such as damage to the homeowner's personal appliances and furniture. *Eichler*, 47 Cal. Rptr. at 847. The *Eichler* decision is therefore materially distinguishable and does not alter our conclusion. We note that *Blackfield* was decided over fifty years ago, and no California state court has reaffirmed its extremely narrow interpretation of the phrase "that particular part" as applied to a general contractor. In light of the California courts' consistently broad reading of this phrase following *Eichler* and *Blackfield*, there is no indication that the exclusionary language is ambiguous.

**AFFIRMED.**

5

Archer Western Contractors v. Nat'l Union Fire Ins Co. of PA., No. 15-55648

DAVIS, Circuit Judge, concurring.

I concur in the majority's decision to affirm the judgment. However, I note that no California court has expressly abrogated or overruled the relevant holding in *Blackfield v. Underwriters at Lloyd's, London*, 53 Cal. Rptr. 838, 840-41 (Cal. Ct. App. 1966), which narrowly interpreted the phrase "that particular part" in the context of a general contractor. This narrow interpretation by the First District of the California Courts of Appeal, which formally remains good law, is clearly at odds with the broader interpretation adopted in more recent cases. Notably, however, none of the above cases cited by the majority were decided by or in the First District. *Clarendon Am. Ins. Co. v. Gen. Sec. Indem. Co. of Arizona*, 124 Cal. Rptr. 3d 1, 11 (Cal. Ct. App. 2011) (Second District); *George F. Hillenbrand, Inc. v. Ins. Co. of N. Am.*, 128 Cal. Rptr. 2d 586, 601-02 (Cal. Ct. App. 2002) (Third District); *Toll Brothers, Inc. v. OneBeacon Ins. Co.*, No. G042196, 2011 WL 883000, at *7 (Cal. Ct. App. Mar. 15, 2011) (Fourth District); *Western Employers Ins. Co. v. Arciero & Sons, Inc.*, 194 Cal. Rptr. 688, 690 (Cal. Ct. App. 1983) (Second District). Given this inconsistency within California's intermediate

appellate courts, as well as the high financial stakes at issue in this case, I would certify this question of law to the California Supreme Court. *See* Cal. Rule of Ct. 8.548; *Nordyke v. King*, 229 F.3d 1266, 1270 (9th Cir. 2000) (certifying a question of law where "there is tension in the reasoning underlying several decisions of the Courts of Appeal of the State of California.").

Nonetheless, I understand "we have a duty to [certify questions of law] sparingly and sensibly," especially given the realities of certification and docket congestion. *See Kremen v. Cohen*, 325 F.3d 1035, 1044, 1050-51 (9th Cir. 2003) (Kozinski, J., dissenting) (noting that the California Supreme Court is burdened by a heavy docket and has rejected a significant number of cases certified by this Circuit). "Where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts," *Ryman v. Sears, Roebuck and Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (alteration marks, internal quotation marks, and citation omitted), and the majority identifies the California Courts of Appeal's more recent and consistent efforts to broadly interpret the relevant language. In light of these considerations, I concur in the majority's decision to affirm the judgment.