**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANIEL RYMAN,
    *Plaintiff-Appellant,*

v.

SEARS, ROEBUCK AND COMPANY,
    *Defendant-Appellee.*

No. 06-35630

D.C. No.
CV-05-01106-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted September 25, 2007*
Portland, Oregon

Filed October 12, 2007

Before: Ferdinand F. Fernandez, Barry G. Silverman, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Silverman

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

13899

**COUNSEL**

Keith D. Karnes, Olsen, Olsen & Daines, and Jason C. McBride, Salem, Oregon, for the plaintiff-appellant.

Michael T. Garone and Jean Ohman Back, Schwabe, Williamson & Wyatt, Portland, Oregon, for the defendant-appellee.

**OPINION**

SILVERMAN, Circuit Judge:

Today we reiterate the rule that when (1) a federal court is required to apply state law, and (2) there is no relevant precedent from the state's highest court, but (3) there *is* relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it.

## I.  FACTS

Plaintiff Daniel Ryman was fired by Sears for excessive absences; at issue here is his absence from work on November 17, 2003. From November 14, 2003, through November 16, 2003, Ryman was on leave to care for his sick child, and this absence was not counted against him by Sears. Ryman had not received his upcoming work schedule before taking leave and did not know whether he was scheduled to work on

November 17, 2003. He called a fellow employee, who incorrectly told Ryman that he was *not* scheduled to work on November 17. As a result, Ryman neither reported for work nor called in an absence that day. He accrued the corresponding number of demerits pursuant to Sears' attendance policy. This took him over the limit allowed by the policy and, shortly thereafter, he was fired. Ryman asserts that Sears violated the Oregon Family Leave Act ("OFLA"), OR. REV. STAT. §§ 659A.150-659A.186, by penalizing him for an allegedly protected family leave absence.

The district court did not reach the merits of Ryman's claim, because it ruled that OFLA does not provide a cause of action for retaliation, or for anything other than an employer's denial of an eligible employee's request for family leave. In so ruling, the district court expressly declined to follow *Yeager v. Providence Health Sys. Or.*, 96 P.3d 862, 865 (Or. Ct. App. 2004), in which the Oregon Court of Appeals held that OFLA does indeed "create a civil remedy for retaliatory discharge . . . ." The district court adopted the view that *Yeager* was incorrectly decided and reasoned that the decision was not binding on federal courts because it was the pronouncement of only an intermediate appellate court, not of Oregon's highest court. Analyzing the state-law question for itself, the district court ruled that OFLA does not provide a cause of action for an employee who has been penalized or discharged for pursuing rights under the statute. Consequently, the district court granted summary judgment for Sears.

## II.  ANALYSIS

**[1]** " '[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts.' " *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001) (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir.

1996) (internal quotation marks omitted)). The district court did not cite any evidence that the Oregon Supreme Court would disaffirm *Yeager*. It merely disagreed with *Yeager*.[1] Because there is no evidence that the Oregon Supreme Court would have decided the OFLA issue differently, the district court erred in not applying the *Yeager* rule.[2]

[2] However, the record in this case does not contain any evidence that Sears violated OFLA, and "we may affirm the grant of summary judgment on any basis supported by the record." *Swirsky v. Carey*, 376 F.3d 841, 850-51 (9th Cir. 2004). As Ryman was neither recovering from a serious health condition nor providing care to a family member on November 17, 2003, his absence on that day does not constitute protected leave under OFLA, *see* OR. REV. STAT. § 659A.159 (2005), regardless of the fact that he was on family leave during the three preceding days and was honestly mistaken about when he was due back to work. Ryman was not assessed any attendance points for the days he *was* on family leave, and he has adduced no evidence that he was retaliated or discriminated against in any way for exercising his family leave rights.

AFFIRMED.

---

[1] We note that the district court did cite opinions by other federal district judges expressing their disagreement with the *Yeager* rule. The opinions of other federal judges on a question of state law do not constitute "convincing evidence that the state supreme court would decide [an issue] differently," *Vestar*, 249 F.3d at 960, nor do those opinions contain any relevant "convincing evidence."

[2] Although not dispositive, we note that the Oregon Supreme Court declined to grant review of *Yeager*. *See Yeager v. Providence Health Sys. Or.*, 103 P.3d 641 (Or. 2004) (table).