Charles **NEERDAELS**, Plaintiff—Appellant,

v.

**GROUP SHORT TERM DISABILITY & LONG TERM DISABILITY PLAN FOR EMPLOYEES OF AKAMAI TECHNOLOGIES, INC.,** Defendant—Appellee.

No. 06–15540.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 19, 2007.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Thornton Davidson, Esq., Robert J. Rosati, Esq., Fresno, CA, for Plaintiff–Appellant.

Michelle Y. McIsaac, Sedgwick, Detert, Moran & Arnold, San Francisco, CA, for Defendant–Appellee.

Before: COWEN,* HAWKINS, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

This case arises under the Employee Income Retirement Security Act of 1974 ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Charles Neerdaels appeals from the district court's orders (1) denying Neerdaels's motion for summary judgment on the merits; (2) granting the motion for summary judgment on the merits filed by the Group Short Term Disability and Long Term Disability Plan for Employees of Akamai

Technologies, Inc. ("the Plan"); and (3) denying Neerdaels's motion to admit evidence outside the administrative record. The facts are known to the parties and we dispense with reciting them further here.

"We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006). We also review de novo the district court's interpretations of an ERISA policy's language. *Shane v. Albertson's Inc.*, 504 F.3d 1166, 1168 (9th Cir.2007). "We review de novo the district court's grant of summary judgment and, viewing the evidence in a light most favorable to the nonmoving party, determine whether there are any genuine issues of material fact for trial." *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1000 (9th Cir.2007).

We ordinarily review de novo an administrator's underlying denial of benefits under an ERISA plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Abatie*, 458 F.3d at 963. However, where an ERISA policy contains a discretionary clause, which unambiguously provides discretion to the plan administrator or fiduciary to make eligibility determinations and interpret the language of the policy, the district court should review the administrator's or fiduciary's decision for an abuse of discretion. *See Firestone*, 489 U.S. at 115, 109 S.Ct. 948; *Abatie*, 458 F.3d at 963.

This Plan's ERISA policy contains a discretionary clause that unambiguously provides Hartford Life and Accident In-

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

surance Company ("Hartford") with discretion to make eligibility determinations and to interpret the language of the policy. Consequently, the district court erred by reviewing de novo the denial of benefits under the policy by Hartford. *Id.* Any error by the district court was, however, not prejudicial to Neerdaels.

By reviewing Hartford's denial of benefits de novo, the district court necessarily evaluated the merits of Neerdaels's application for benefits independent of any structural conflict of interest that may have impacted Hartford's decision-making process on the merits of Neerdaels's claim. Thus, the district court's de novo review of Hartford's denial of Neerdaels's application for benefits afforded Neerdaels a *more* deferential review than the "informed" abuse of discretion review to which he was entitled. *Abatie,* 458 F.3d at 965–74. Moreover, there is nothing in the record, even if we consider the additional evidence that Neerdaels's sought to admit, that supports a finding that Hartford abused its discretion when it denied Neerdaels's application for long-term disability benefits.

In light of our holding that Hartford did not abuse its discretion by denying Neerdaels's application for long-term disability benefits, we affirm. *See N.L.R.B. v. Wyman–Gordon Co.,* 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) ("To remand would be an idle and useless formality."); *Ryman v. Sears, Roebuck and Co.,* 505 F.3d 993, 995 (9th Cir.2007) ("[W]e may affirm the grant of summary judgment on any basis supported by the record."). The district court properly granted Hartford's motion for summary judgment on the merits and denied Neerdaels's motion for summary judgment on the merits even if it did so based on an incorrect standard of review.

Finally, we reject Neerdaels's challenge to the district court's decision not to admit evidence outside the administrative record. Under *Abatie,* when reviewing a denial of benefits for abuse of discretion, the district court should consider additional information relevant to the plan administrator's or fiduciary's structural conflict of interest, if any. *Abatie,* 458 F.3d at 969–70 (holding that "district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest"). Moreover, the district court should consider evidence outside the administrative record to "recreate what the administrative record would have been had the procedure been correct." *Id.* at 973 ("[T]he court may take additional evidence when the irregularities have prevented full development of the administrative record.").

The evidence Neerdaels sought to introduce is not relevant to a structural conflict of interest. The district court found that the additional evidence was not useful to its determination of the merits of Hartford's denial of Neerdaels's claim. The district court found that the MRI scans do not show whether Neerdaels could perform his own occupation during the relevant period. The district court declined to consider Dr. Cassini's May 20, 2005 letter because it does not limit its conclusions to the relevant time period and is cumulative of other evidence in the record. We agree with the conclusions reached by the district court about the additional evidence. The district court acted within its discretion when it declined to admit the additional evidence.

**AFFIRMED.**