**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

INSITU INC,

             Plaintiff-counter-defendant -
Appellee,

  v.

MARK KENT,

             Defendant-counter-claimant -
Appellant.

No. 09-35737

D.C. No. 2:08-cv-03067-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted July 15, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and CEBULL, Chief District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard F. Cebull, United States District Judge for the
District of Montana, sitting by designation.

Mark Kent appeals the summary judgment for Insitu, Inc. on his claims of fraudulent misrepresentation and promissory estoppel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Kent's case, and this appeal, turn on whether there is a triable issue of fact that he reasonably relied on misrepresentations that Insitu concedes, for purposes of the summary judgment, were made. As the district court concluded, he could not show reasonable reliance – an element of each cause of action, *Sigman v. Stevens-Norton, Inc.*, 425 P.2d 891, 920 (Wash. 1967) (fraudulent misrepresentation); *Jones v. Best*, 950 P.2d 1, 5 (Wash. 1998) (promissory estoppel) – given the "no-reliance" clause in the Separation and Release Agreement, and that he was a sophisticated businessman, was represented by counsel, had an adversarial relationship with the company, and was allowed twenty-one days to consider whether to sign the Agreement as well as a week thereafter to revoke his acceptance. *See Kwiatkowski v. Drews*, 176 P.3d 510, 517 (Wash. Ct. App. 2008); *Stewart v. Estate of Steiner*, 93 P.3d 919, 927 (Wash. Ct. App. 2004); *cf. Helenius v. Chelius*, 120 P.3d 954, 964 (Wash. Ct. App. 2005).

We decline Kent's invitation for certification to the Washington Supreme Court. Making such a request for the first time on appeal is disfavored, *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008), and in any event, we are sufficiently

guided by decisions of the Washington appellate courts. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

AFFIRMED.