**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ONITA TUGGLES, | No. 10-17181 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01914-JCS |
| v. | |
| CITY OF ANTIOCH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted April 20, 2012
San Francisco, California

Before: NOONAN and MURGUIA, Circuit Judges, and TIMLIN, Senior District
Judge.[**]

Appellant Onita Tuggles appeals the district court's order granting

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

summary judgment to Appellees on Tuggles's claim that Appellees Schwitters and Bittner violated the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12955(g), by discriminating against her on the basis of her source of income. Tuggles argues Section 8 housing assistance constitutes "income" for purposes of the FEHA. Tuggles also argues that, to the extent her FEHA source-of-income claim survived summary judgment, the district court abused its discretion by excluding expert witness testimony and rejecting proposed jury instructions about source-of-income discrimination.

The California Court of Appeal has held that Section 8 aid does not qualify as a source of income. *Sabi v. Sterling*, 183 Cal. App. 4th 916, 937 (Cal. Ct. App. 2010). In the absence of convincing evidence that the California Supreme Court would decide differently, we are bound by *Sabi*'s holding that Section 8 is not a source of income. *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007). Therefore, we affirm the district court's grant of summary judgment to Schwitters on Tuggles's source-of-income claim.

Although neither the district court nor the jury ruled on the source-of-income claim against Bittner, we may do so in the first instance because the claim may be decided as a matter of law and doing so will not prejudice Appellees. *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978). We hold that Tuggles's

2

source-of-income claim against Bittner fails as a matter of law. *See Sabi*, 183 Cal. App. 4th at 937.

We affirm the district court's exclusion of expert witness testimony about discrimination against Section 8 recipients. Even if we assume that the district court erred in excluding the expert testimony, the error was not prejudicial because Tuggles's source-of-income claim fails as a matter of law. *Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1467 (9th Cir. 1997); Fed. R. Evid. 103(a).

We also affirm the district court's rejection of Tuggles's proposed jury instructions. Tuggles failed to object to the district court's rejection of the instructions. *See* Fed. R. Civ. P. 51(d)(1)(B) (A party may assign as error "a failure to give an instruction, if that party properly requested it and—unless the court rejected the request in a definitive ruling on the record—*also properly objected*." (emphasis added)). Since Tuggles's source-of-income claim fails as a matter of law, any error—assuming there was one—did not affect substantial rights and was not plain error. Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.").

**AFFIRMED.**