NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHESTER M. HUNT, JR.; LYNDA SUSAN HUNT,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>U.S. BANK N.A., as Trustee for the Holders of Mastr Adjustable Rate Mortgages Trust 2007-3; BANK OF AMERICA N.A., Successor by Merger to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP,<br><br>　　　　Defendants - Appellees. | No. 13-55631<br><br>D.C. No. 5:12-cv-02171-VAP-OP<br>Central District of California, Riverside<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted February 12, 2015[**]
Pasadena, California

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,[***] Senior District Judge.

Chester and Lynda Hunt appeal the district court's dismissal of their third complaint for failure to state a claim and denial of leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history, we need not recount it here.

## I.

"We review de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). "The district court's denial of leave to amend the complaint is reviewed for an abuse of discretion." *Id.* at 1041.

## II.

The Hunts challenge the dismissal of their third complaint without leave to amend but, on appeal, cite only *Glaski v. Bank of America, N.A.*, 160 Cal. Rptr. 3d 449 (Ct. App. 2013), and contest whether they lacked standing to challenge the securitization process. Construed broadly, their argument applies only to the district court's dismissal of their declaratory relief claim. Therefore, we need not

---

[***] The Honorable Donald W. Molloy, Senior District Judge for the U.S. District Court for the District of Montana, sitting by designation.

consider the dismissed claims not raised on appeal, specifically the Hunts'
accounting, quasi-contract, Fair Debt Collection Practices Act, and California
Unfair Competition Law claims. *Entm't Research Grp., Inc. v. Genesis Creative
Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("We will not consider any claims
that were not actually argued in [appellant's] opening brief.").

III.

The district court properly dismissed the Hunts' declaratory relief claim on
two bases: (1) the Hunts lack standing to challenge the authority of Bank of
America and U.S. Bank to foreclose; and (2) the Hunts have failed to assert an
actual controversy as required for declaratory relief.

Under the majority rule in California, borrowers lack standing to challenge
the authority of the foreclosing entity. *Jenkins v. JP Morgan Chase Bank, N.A.*,
156 Cal. Rptr. 3d 912, 924–27 (Ct. App. 2013). The contrary holding in *Glaski* has
been widely rejected. *See, e.g.*, *Bowen v. Bank of N.Y. Mellon*, 2014 WL 6673272,
at *4 (Cal. Ct. App. Nov. 25, 2014) (unpublished); *Mottale v. Kimball Tirey & St.
John, LLP*, 2014 WL 109354, at *4 (S.D. Cal. Jan. 10, 2014) (slip copy); *Rajamin
v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 90 (2d Cir. 2014). We, therefore,
need not follow it. *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir.
2007) (a federal court need not follow a "state intermediate appellate court decision

3

[if it] finds convincing evidence that the state's supreme court likely would not follow it").[1]

Additionally, the Hunts have failed to set forth a valid claim for declaratory relief. "Any person . . . who desires a declaration of his or her rights or duties with respect to another . . . may, *in cases of actual controversy* relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights . . . ." Cal. Civ. P. Code § 1060 (emphasis added). "The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject." *Jenkins*, 156 Cal. Rptr. 3d at 926 (internal quotation marks omitted).

The Hunts executed a note and a deed of trust containing a power of sale clause and provisions allowing Countrywide or MERS to transfer the note without notice. The Hunts also do not dispute that they defaulted on their loan. Even if the

---

[1] The Supreme Court of California has granted review in two cases rejecting *Glaski*. *See Yvanova v. New Century Mortg. Corp.*, 172 Cal. Rptr. 3d 104 (Ct. App. 2014), *review granted and opinion superseded by Yvanova*, 331 P.3d 1275 (Cal. 2014); *Keshtgar v. U.S. Bank, N.A.*, 172 Cal. Rptr. 3d 818 (Cal. App. 2014), *review granted and opinion superseded by Keshtgar*, 334 P.3d 686 (Cal. 2014). The review in those cases, however, will not affect this appeal because it is limited to actions for wrongful foreclosure. *See Yvanova*, 331 P.3d 1275. The Hunts have neither stated that they intend to add a wrongful foreclosure claim nor provided any explanation of the legal and factual grounds for adding a wrongful foreclosure claim. *See Cervantes*, 656 F.3d at 1043.

improper securitization occurred or the assignments were fraudulent, the Hunts are not a party to those transactions and are not the victims. Their declaratory relief claim fails because they cannot show the existence of a present, actual controversy between themselves and Bank of America and U. S. Bank. *See id.* at 927.

## IV.

The district court did not abuse its discretion in denying leave to amend because (1) the Hunts had three opportunities to state a valid claim, and (2) any amendment would be factually and legally implausible. *See id.* at 929.

**AFFIRMED**.