

FILED

**NOT FOR PUBLICATION**

APR 24 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

WLADIMIR WASJUTIN, an individual;
SILVIA WASJUTIN, an individual,

Plaintiffs-Appellants,

v.

BANK OF AMERICA, N.A., a
corporation; COUNTRYWIDE BANK,
N.A.; SELECT PORTFOLIO
SERVICING, INC.; DOES, 1 through 10,
inclusive,

Defendants-Appellees.

No.    16-55974

D.C. No.
2:15-cv-09401-MWF-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 5, 2018
Pasadena, California

Before:  W. FLETCHER, BERZON, and OWENS, Circuit Judges.

The Wasjutins appeal from the district court's order dismissing their claim

against Bank of America, granting judgment on the pleadings to Select Portfolio

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Servicing ("SPS"), and denying leave to amend. We review the district court's

12(b)(6) and 12(c) rulings de novo. *Cervantes v. Countrywide Home Loans, Inc.*,

656 F.3d 1034, 1040 (9th Cir. 2011); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th

Cir. 2009). We review the denial of leave to amend for abuse of discretion.

*Cervantes*, 656 F.3d at 1041.

1.      The district court did not err in granting judgment on the pleadings on

the Wasjutins' claim for dual-tracking under California's Homeowner Bill of

Rights ("HBOR").

At the time SPS sent the Wasjutins a trial loan modification, HBOR's

prohibition on dual-tracking provided, in relevant part:

> If a borrower submits a complete application for a first lien
> loan modification offered by, or through, the borrower's
> mortgage servicer, [the] mortgage servicer . . . shall not
> record a notice of default or notice of sale . . . while the
> complete first lien loan modification application is pending.
> A mortgage servicer . . . *shall not record* a notice of default
> or notice of sale . . . until . . . [t]he borrower does not accept
> an offered first lien loan modification within 14 days of the
> offer.

Cal. Civ. Code § 2923.6(c) (2013) (emphasis added). The effect of this language is

clear: HBOR does not prohibit every overture to foreclosure while a loan

modification is pending; it prohibits, as here relevant, the recordation of a default

notice, *Monterossa v. Superior Court*, 237 Cal. App. 4th 747, 752 (2015), which

2

marks the formal beginning of the nonjudicial foreclosure process. *See* Cal. Civ. Code § 2924(a)(1); *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 927 (2016). The Wasjutins have not alleged recordation, and have therefore not alleged the elements of a dual-tracking claim.[1]

2. The district court did not err with respect to the claims brought under California Civil Code § 2924(a)(6).

There is no private right of action under section 2924(a)(6). *Lucioni v. Bank of Am., N.A.*, 3 Cal. App. 5th 150, 158-59 (2016), *review denied* (Nov. 30, 2016); *see also Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007). And at least as to Bank of America, even if a private action were available under section 2924(a)(6), the claim would still be unsupported by the facts alleged in the operative complaint. There is no allegation connecting Bank of America to the

---

[1] On January 1, 2018, section 2923.6(c) sunset, and a related provision, Cal. Civ. Code § 2924.11(c), took effect. We need not determine whether the former provision remains in effect for purposes of this appeal, whether the new provision applies, or whether neither is now applicable. The Wasjutins' claim fails regardless, as recordation of the default notice is an element of both versions of the statute and was not alleged.

Wasjutins' promissory note or deed of trust at the time SPS mailed the unrecorded notice of default naming Wells Fargo as the Wasjutins' noteholder.[2]

**3.**    The district court did not err in granting judgment on the pleadings on the Wasjutins' wrongful foreclosure claim.

As a general rule, California does not allow preemptive challenges to the authority to foreclose, "because [such challenges] would result in the impermissible interjection of the courts" into California's nonjudicial foreclosure regime. *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814 (2016), *review denied*, (July 13, 2016); *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 513, *as modified* (June 12, 2013); *see also Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011).[3]  Limited, statutorily defined exceptions exist.  *See* Cal. Civ. Code § 2924.12(a)(1); *Lucioni*, 3 Cal. App. 5th at 159-60.  But the common-law cause of action for wrongful foreclosure is not among these exceptions.  *See, e.g., Daniels v. Select Portfolio*

_____

[2] The district court did err in effectively taking judicial notice of Wells Fargo's status as noteholder.  *See* Fed. R. Evid. 201(b)(2).  Even if the default notice had been recorded, the district court could only have taken judicial notice of the existence and authenticity of the recorded document — not the truth of its contents.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).  However, this error is immaterial to our affirmance.

[3] *Jenkins* was disapproved in part in *Yvanova*, on other grounds.  *See Yvanova*, 62 Cal. 4th at 933-36.

*Servicing, Inc.*, 246 Cal. App. 4th 1150, 1184-85 (2016) (identifying, as the first element of wrongful foreclosure, that "the trustee . . . caused an illegal, fraudulent, or willfully oppressive sale of real property").

The California Supreme Court has held that homeowners have standing to challenge void (but not voidable) transfers of the authority to foreclose on their property. *Yvanova*, 62 Cal. 4th at 923-24, 938. But the existence of standing to bring such a challenge and the proper cause of action for doing so are separate questions. Nothing about *Yvanova* suggests that, contrary to longstanding precedent on this point, California now allows an action for wrongful foreclosure before a foreclosure takes place.[4] *Id.* at 924 ("We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."); *id.* at 933-34.

4.      The district court did not err in granting judgment on the pleadings on the claim for violation of the implied covenant of good faith and fair dealing.

To the limited extent the Wasjutins' complaint addresses the covenant of good faith and fair dealing, it is vague, conclusory, and difficult to connect to the

---

[4] We note that preforeclosure actions predicated in part on a lack of authority to foreclose are still possible by other means. For example, plausible allegations of a void transfer might support a claim under Civil Code section 2924.17, for which the California legislature has expressly authorized preforeclosure injunctive relief. *See* Cal. Civ. Code § 2924.12(a)(1).

terms of any contract, including the deed of trust. The Wasjutins allege that "SPS failed [to] present and give notice of a reasonable loan modification." But the Wasjutins did receive a trial loan modification; based on the facts as pled, they failed to pursue it or to seek an alternative modification.

The Wasjutins alternatively frame their claim as rooted in SPS's failure to identify their true "creditor" — apparently a reference to the investors in Wells Fargo's securitization trust, which was beneficiary under the deed of trust. According to the Wasjutins, lacking knowledge of their true creditor, they were unable to negotiate a loan modification with the parties holding an interest in their debt. But again, the Wasjutins did negotiate a loan modification. Nor is there any reason to believe, based on the facts as pled, that a further modification would have been denied, had it been sought.

5. The district court did not err in granting judgment on the pleadings on the claim brought under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Absent any predicate violation of statute or common law, there is no basis for invoking the UCL's "unlawful" prong. *See Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 396 (2013). And for the same reasons the Wasjutins' good-faith-and-fair-dealing claim fails, there is no basis for invoking the UCL's "unfair" prong.

6

**6.** The denial of leave to amend was not an abuse of discretion. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

**AFFIRMED.**