**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



STEPHEN KERR EUGSTER,

   Plaintiff-Appellant,

v.

PAULA LITTLEWOOD, Executive
Director, WSBA, in her official capacity;
DOUGLAS J. ENDE, Director of the
WSBA of Disciplinary Counsel, in his
official capacity; FRANCESCA
D'ANGELO, Disciplinary Counsel,
WSBA Office of Disciplinary Counsel, in
her official capacity,

   Defendants-Appellees.

No. 16-35542

D.C. No. 2:15-cv-00352-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Argued and Submitted May 15, 2018
Seattle, Washington

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BERZON, THACKER,[**] and HURWITZ, Circuit Judges.

Stephen Eugster appeals the dismissal of his due process challenge to the Washington State Bar Association's (WSBA's) lawyer discipline system.  We affirm.

**1.**  Eugster alleged that at the time he filed this lawsuit, he faced an impending disciplinary proceeding under the WSBA system he claims is unconstitutional.  On those facts, he may have had the requisite injury-in-fact for Article III standing.  *See Canatella v. State of California*, 304 F.3d 843, 853 (9th Cir. 2002).

The disciplinary matter that spurred Eugster's suit was resolved, however, through a stipulated 60-day suspension that ended in July 2017.  Eugster's complaint does not allege that he will be subjected to the WSBA's disciplinary system again in the future.  Absent such allegations, he cannot "demonstrate an appreciable likelihood that [WSBA] will do anything in the future to violate his rights." *Partington v. Gedan*, 961 F.2d 852, 862 (9th Cir. 1992), *as amended* (July 2, 1992).  Eugster therefore lacks the "actual or threatened injury" necessary to bring his challenge.  *See id.*

---

[**]     The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

2

**2.** Even if we did have jurisdiction over Eugster's due process challenge, he would be precluded from asserting it. Eugster's first disciplinary matter was fully adjudicated by the Washington Supreme Court. *See In re Disciplinary Proceeding Against Eugster*, 166 Wash. 2d 293 (2009) (en banc). Washington law determines the preclusive effects of that judgment on Eugster's later assertion of the same or similar claims. *See Noel v. Hall*, 341 F.3d 1148, 1166 (9th Cir. 2003). The Washington Court of Appeals has determined, as a matter of state law, that the 2009 judgment precludes Eugster from bringing a due process challenge similar to the one underlying his present action. *Eugster v. WSBA*, 198 Wash. App. 758 (Wash. Ct. App.), *review denied*, 189 Wash. 2d 1018 (2017). We would defer to that interpretation of Washington law. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007).

The judgment is **AFFIRMED.**