NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEENA SHAW, | No. 18-17184 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00729-TLN-CKD |
| v. | |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted May 11, 2020
San Francisco, California

Before:  R. NELSON and BRESS, Circuit Judges, and GWIN,** District Judge.

Sheena Shaw was arrested by deputies from the Sacramento County

Sheriff's Department on April 5, 2014, detained overnight, and released the next

day.  Two years and one day after the arrest, she filed a complaint under 42 U.S.C.

_____

  *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **    The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

§ 1983 against the Sheriff's Department, as well several deputies, based on the events surrounding the arrest. The district court granted a motion to dismiss the complaint as time barred, a decision we review de novo. *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part.[1]

1.      The district court correctly held that tolling was not available under California Code of Civil Procedure section 352.1, which tolls the statute of limitations during the time "a person" is "imprisoned on a criminal charge." Under the California Court of Appeal's decision in *Austin v. Medicis*—which we are "obligated to follow" in the absence of evidence that the California Supreme Court would rule to the contrary, *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (internal quotation marks omitted)—the phrase "imprisoned on a criminal charge" means "serving a term of imprisonment in the state prison." 230 Cal. Rptr. 3d 528, 542 (Ct. App. 2018), *review denied* (June 13, 2018). Shaw has not alleged that she was serving a term of imprisonment, nor that she was detained in a state prison. So the district court was correct to hold that her one-day detention in a county jail did not entitle her to tolling under California Code of Civil Procedure section 352.1. *Id.* at 543; *see also Bd. of Regents of Univ. of N.Y.*

---

[1] We deny as moot Shaw's Motion to Stay Setting Case for Oral Argument. That motion was premised upon Shaw's filing of a supplemental opening brief, which she did before oral argument.

*v. Tomanio*, 446 U.S. 478, 484 (1980) (explaining that "a state statute of limitations and the coordinate tolling rules" are "binding rules of law" in a § 1983 case).[2]

2.      Shaw also argues she is entitled to tolling of the statute of limitations under California Government Code section 945.3, which tolls the statute of limitations in certain cases for the period during which "charges are pending before a superior court." But she did not raise this argument in her opposition to the County's motion to dismiss. Instead, she raised it for the first time in a motion for reconsideration of a magistrate judge order staying discovery pending a ruling on the motion to dismiss. The issue was therefore waived, and we decline to exercise our discretion to consider it for the first time on appeal. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 888 n.4 (9th Cir. 2002).

3.      Having decided Shaw is not entitled to tolling, we now decide whether her claims are barred by the two-year statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Code Civ. Proc. § 335.1. All but one of Shaw's claims accrued on April 5, 2014, because that was the day she knew or had "reason to know of the injury which is the basis" for her claims. *Kimes v.*

---

[2] Shaw argued in a supplemental brief that the *Medicis* decision should not be applied retroactively. We decline to consider this argument because it was not raised in Shaw's opening brief. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148–49 (9th Cir. 2016).

*Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (internal quotation marks omitted). Those claims—brought in the April 6, 2016 complaint—were therefore asserted one day late and are barred by the two-year statute of limitations. Shaw's false arrest claim, however, did not accrue until "the alleged false imprisonment end[ed]" on April 6, 2014. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Thus, that claim is not barred by the two-year statute of limitations. We therefore affirm the district court's dismissal of all causes of action other than Shaw's claim for false arrest. As to that claim, we reverse and remand with instructions to consider, in the first instance, whether the false arrest claim is adequately pled or barred by Shaw's nolo contendere plea. Each party will bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART.**