**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RIALTO POCKETS, INC.; BROOKHURST
VENTURE, LLC; CITY OF INDUSTRY
HOSPITALITY VENTURE, INC.;
FARMDALE HOSPITALITY SERVICES,
INC.; HIGH EXPECTATIONS
HOSPITALITY, LLC; INLAND
RESTAURANT VENTURE I, INC.;
KENTUCKY HOSPITALITY VENTURE,
LLC; K-KEL, INC.; L.C.M., LLC;
MIDNIGHT SUN ENTERPRISES, INC.;
NITELIFE, INC.; OLYMPIC AVENUE
VENTURE, INC.; THE OXNARD
HOSPITALITY SERVICES, INC.; PENN
AVE HOSPITALITY, LLC; PLATINUM SJ
ENTERPRISE; PNM ENTERPRISES, INC.;
ROUGE GENTLEMENS CLUB, INC.;
SANTA BARBARA HOSPITALITY
SERVICES, INC.; SANTA MARIA
RESTAURANT ENTERPRISES, INC.;
SARIES LOUNGE, LLC; THE SPEARMINT
RHINO ADULT SUPERSTORE, INC.;
WORLD CLASS VENUES, LLC;
WASHINGTON MANAGEMENT, LLC;
W.P.B. HOSPITALITY, LLC,

          Plaintiffs-Appellants,

  v.

BEAZLEY UNDERWRITING LIMITED,

          Defendant-Appellee,

No. 21-55196

D.C. No. 2:20-cv-07709-DSF-JPR

MEMORANDUM*

---

\* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

and

CERTAIN UNDERWRITERS AT
LLOYDS LONDON, INCLUDING
BEAZLEY FURLONGE LTD,

   Defendant.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 20, 2022[**]
San Francisco, California

Before: W. FLETCHER and COLLINS, Circuit Judges, and FEINERMAN,[***] District Judge.

Plaintiffs appeal the district court's dismissal of their operative complaint in this insurance coverage dispute. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the grant of a motion to dismiss for failure to state a claim on which relief can be granted, *Mudpie, Inc. v. Travelers Cas. Ins. Co.*, 15 F.4th 885, 889 (9th Cir. 2021); FED R. CIV. P. 12(b)(6), we affirm.

Plaintiffs are 24 affiliated companies who operate 23 so-called "gentlemen's" clubs and a retail store, and they claim coverage under a single policy issued by Defendant Beazley Underwriting Ltd. ("Beazley") to non-party affiliate The Spearmint Rhino Companies Worldwide, Inc. Plaintiffs allege that all

---

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

businesses "were closed as a result of the Covid-19 Governmental Orders," including stay-at-home orders issued by the State of California and relevant local governments. After Beazley denied coverage for economic losses resulting from the closures, Plaintiffs filed this civil action asserting a single claim for breach of the insurance policy. The district court granted a motion to dismiss Plaintiffs' operative amended complaint. This timely appeal followed.

As alleged in the complaint, the "relevant coverage provision" is referred to as the "Time Element" provision, which addresses certain economic losses resulting from physical damage or loss to insured property. Specifically, that provision states that "[t]his Policy insures Time Element loss, as set forth in the Time Element Coverages, *directly resulting from direct physical loss or physical damage* insured by this Policy occurring during the Period of Insurance *to Property* Insured by this Policy" (emphasis added). According to the complaint, Beazley breached this coverage obligation by failing "to pay Plaintiffs for the Time Element losses" that "directly result[ed] from the Covid-19 Governmental Orders" or were "caused by the Covid-19 Governmental Orders."

Plaintiffs' claim of coverage is foreclosed by *Inns by the Sea v. California Mut. Ins. Co.*, 286 Cal. Rptr. 3d 576 (Ct. App. 2021). *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) ("Where there is no convincing evidence that the state supreme court would decide differently, a federal court is

3

obligated to follow the decisions of the state's intermediate appellate courts.")
(simplified). *Inns by the Sea* addressed the interpretation of analogous policy
language providing coverage for a suspension of operations "caused *by direct
physical loss of or damage to property at [the insured's] premises*," and it did so in
the context of comparable alleged losses based "on the situation created *by the
[Covid-19 Governmental] Orders*." 286 Cal. Rptr. 3d at 582, 590 (second
emphasis added). The court rejected such coverage as a matter of law, and its
reasoning is fully applicable here.

   *Inns by the Sea* held that, under well-settled California insurance law, the
"mere loss of use of physical property to generate business income, *without any
other physical impact on the property*, does not give rise to coverage for *direct
physical loss*." *Id*. at 591 (emphasis added). The court further held that, even
assuming *arguendo* that the "alleged physical presence of the virus on [the
insured's] premises" might be thought to give rise to a "physical impact" or to
"direct physical damage," there still was no coverage. *Id*. at 590–91. The relevant
coverage language required that the alleged loss be "*caused by*" the claimed direct
physical damage, but the insured's own allegations confirmed "the lack of causal
connection between the alleged physical presence of the virus on [the insured's]
premises and the suspension of [its] operations." *Id*. at 590 (emphasis added). As
the court explained, even if the insured "had thoroughly sterilized its premises to

4

remove any trace of the virus," the insured "would *still* have continued to incur a suspension of operations because the Orders would *still* have been in effect and the normal functioning of society *still* would have been curtailed." *Id.*

So too here. The complaint expressly alleges that the losses "directly result[ed] from the Covid-19 Governmental Orders" or were "caused by the Covid-19 Governmental Orders." Consequently, under *Inns by the Sea*, the claimed losses did not "directly result[] from direct . . . physical damage . . . to Property," as required by the relevant policy language. Further, in the absence of any such loss caused by direct physical damage, the inability to use the property that resulted from the Orders is not covered by the policy language concerning losses "directly resulting from direct physical loss . . . to Property."

Plaintiffs point to various other provisions in the policy that more precisely define the amounts that will be paid when a covered loss occurs, but none of these provisions provides any basis for evading *Inns by the Sea*'s construction of the operative coverage language here. Moreover, Plaintiffs' reliance upon policy exclusions in an effort to expand the policy's coverage violates firmly established California law. *Inns by the Sea*, 286 Cal. Rptr. 3d at 594 ("[B]efore even considering exclusions, a court must examine the coverage provisions to determine whether a claim falls within the policy terms.") (simplified).

Because Plaintiffs' asserted losses do not fall within the scope of the

insurance policy, the district court correctly granted Defendant's motion to dismiss.

**AFFIRMED**.