NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA POTTS, an individual, on behalf of herself, the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>SIRIUS XM RADIO, INC., a Delaware Corporation; PANDORA MEDIA, LLC, a Delaware Limited Liability Company,<br><br>           Defendants-Appellees, | No.   23-55282<br><br>D.C. No.<br>2:21-cv-09755-DMG-KS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted March 26, 2024[**]
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

    Jessica Potts filed this putative class action lawsuit against her former

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

employers, Sirius XM Radio Inc. and Pandora Media, LLC (collectively, "Sirius"), alleging that Sirius violated California Labor Code § 2802 by not indemnifying Potts for certain expenses she incurred setting up her home office during the COVID-19 pandemic. The district court granted summary judgment to Sirius. We have jurisdiction under 28 U.S.C. § 1291, and we "review de novo the district court's summary judgment decision." *Silverado Hospice, Inc. v. Becerra*, 42 F.4th 1112, 1118 (9th Cir. 2022) (citation omitted). We affirm.

Under California Labor Code § 2802(a), "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." A plaintiff suing under § 2802 may also receive attorney's fees, because "necessary expenditures or losses" includes "attorney's fees incurred by the employee enforcing the rights granted by this section." Cal. Labor Code § 2802(c).

To prevail on her § 2802 claim, Potts had to show that Sirius had actual or constructive knowledge of the claimed expenses. Under California law, "before an employer's duty to reimburse is triggered, it must either know or have reason to know that the employee has incurred an expense. Once the employer has such knowledge, then it has the duty to exercise due diligence and take any and all

2

reasonable steps to ensure that the employee is paid for the expense." *Wilson v. La Jolla Grp.*, 61 Cal. App. 5th 897, 919 (2021) (quoting *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 904 (N.D. Cal. 2009)). In short, California courts have inferred a knowledge requirement under the statutory provision because an employer cannot reimburse an expense it does not know about. *See id.*

Potts argues that *Wilson* is insufficient to establish California law on this point, but she is incorrect. Nor has Potts provided "convincing evidence that the [California Supreme Court] likely would not follow" *Wilson*. *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). Indeed, federal district courts—including a decision on which *Wilson* relied—are nearly unanimous in recognizing an employer knowledge requirement under § 2802. *See, e.g.*, *McLeod v. Bank of Am., N.A.*, 2017 WL 6373020, at *6 & *6 n. 12 (N.D. Cal. Dec. 13, 2017); *Stuart*, 641 F. Supp. 2d at 904.

These decisions are based not only on reasonable inferences from the statutory text, but also comport with the California Supreme Court's emphasis on the need for a "practical" construction of the statute. *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 169 P.3d 889, 897 (Cal. 2007). Potts has not demonstrated why it would be appropriate for an employer to face liability under § 2802 for failing to reimburse expenses about which it lacked actual or constructive knowledge. Finally, contrary to Potts's arguments, this interpretation of § 2802 does not violate § 2804, which

invalidates any "contract or agreement" to waive an employee's rights under the Labor Code. Sirius did not ask Potts to "waive" any expenses, by agreement or otherwise.

There is no genuine of dispute of material fact that Sirius lacked actual or constructive knowledge of Potts's claimed expenses. Potts never made a reimbursement request before leaving Sirius. In addition, even if Sirius's reimbursement policies and work-from-home directive demonstrate some knowledge that Potts might be incurring some expenses during the pandemic, Sirius exercised due diligence by taking reasonable steps to ensure that Potts was paid for any such expenses by maintaining reimbursement policies and asking Potts to submit any outstanding reimbursement requests before she left the company. *See Wilson*, 61 Cal. App. 5th at 919. Nor can Sirius be said to have actual knowledge of Potts's expenses because Potts provided documentation of the expenses to Sirius during discovery in this case. Potts cites no authority demonstrating that an employer should be liable under § 2802 when an employee, as here, withholds reimbursement requests until after filing a lawsuit.

Finally, we deny Potts's motion to certify questions regarding § 2802 to the California Supreme Court. "We invoke the certification process only after careful consideration and do not do so lightly." *Cassirer v. Thyssen-Bornemisza Collection Found.*, 69 F.4th 554, 557 (9th Cir. 2023) (quoting *Kremen v. Cohen*, 325 F.3d 1035,

4

1037 (9th Cir. 2003)).  Potts has not demonstrated that certification is warranted here.

**AFFIRMED.**