NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SACRAMENTO DOWNTOWN ARENA, LLC; SACRAMENTO KINGS LIMITED PARTNERSHIP; SAC MUB1 HOTEL, LLC; SGD RETAIL, LLC,

Plaintiffs - Appellants,

v.

FACTORY MUTUAL INSURANCE COMPANY,

Defendant - Appellee.

No. 24-7165

D.C. No.
2:21-cv-00441-KJM-SCR

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted November 13, 2025**
San Francisco, California

Before: FRIEDLAND and SUNG, Circuit Judges, and PITTS, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable P. Casey Pitts, United States District Judge for the Northern District of California, sitting by designation.

This appeal arises from a property insurance claim Plaintiffs filed with Defendant Family Mutual Insurance Company ("Family Mutual"). Plaintiffs—a group of entities affiliated with the Sacramento Kings professional basketball team—seek coverage under their property insurance policy from Family Mutual (the "Policy") for business losses they sustained at their sports arena, hotel, and retail spaces during the COVID-19 pandemic. Family Mutual denied coverage, except for a $1,000,000 payment under a sublimited coverage provision for certain losses from communicable diseases. Plaintiffs sued to challenge that denial, and, applying California law, the district court granted summary judgment to Family Mutual. Reviewing de novo, *WildEarth Guardians v. Provencio*, 923 F.3d 655, 664 (9th Cir. 2019), we affirm.

To obtain coverage under California law, an insured must show that its losses fall within the scope of its insurance policy's grant of coverage, and that the losses are not excluded by any applicable exclusions. *See Another Planet Ent., LLC v. Vigilant Ins. Co.*, 548 P.3d 303, 310-11 (Cal. 2024). Here, the Policy "cover[ed] property . . . against all risks of physical loss or damage." Plaintiffs contend that "the presence" of a virus qualifies as "physical loss or damage." Even accepting that premise,[1] however, coverage is nonetheless barred by the Policy's

---

[1] The California Supreme Court recently held that, as a general matter, "the presence" of COVID-19 "does not constitute direct physical loss or damage to property within the meaning of a commercial property insurance policy under

"Contamination Exclusion," which excludes coverage for "any condition of property due to the actual or suspected presence of any . . . virus."

The California Court of Appeal recently interpreted a provision identical to the Contamination Exclusion here in a materially identical suit against Family Mutual. *See San Jose Sharks, LLC v. Super. Ct.*, 316 Cal. Rptr. 3d 393, 403-06 (Ct. App. 2023).[2]  In *San Jose Sharks*, the insured similarly sought coverage from Family Mutual for business losses incurred due to the pandemic. *Id.* at 398. The Court of Appeal rejected the claim on the ground that the Contamination Exclusion "unambiguously excludes physical loss or damage in the form of viral contamination from the scope of coverage." *Id.* at 403. The court further explained that, because "there is only one reasonable interpretation" of the Contamination Exclusion, it was appropriate to "resolve[] [the case] at the pleading stage" in Family Mutual's favor. *Id.* at 405.

---

California law." *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 548 P.3d 303, 307-08 (Cal. 2024). *Another Planet* may provide an independent basis for denying coverage, though it involved the interpretation of a different policy with different terms. We need not consider *Another Planet*, however, because, as explained below, California courts have been clear that contamination exclusions like the one here bar the coverage Plaintiffs seek.

[2] Because "[i]nterpretation of an insurance policy" is a question of state law, *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1212 (Cal. 2003), we "must follow" decisions from the California Court of Appeal absent "convincing evidence" that the California Supreme Court would decide differently, *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

24-7165

Plaintiffs argue that *San Jose Sharks* is inapposite because the Court of Appeal "did not address" an exception to the Contamination Exclusion for contamination "directly resulting from other physical damage not excluded," which Plaintiffs rely on here. But contrary to Plaintiffs' suggestion, the Court of Appeal explicitly addressed that language, and it concluded that the exception does not apply where the insured "did not [prove] contamination resulting from other physical damage not excluded, but [instead asserted] contamination as *itself* physical damage." *Id.* (emphasis added). Like the plaintiffs in *San Jose Sharks*, Plaintiffs have not identified any physical damage other than the viral contamination itself, so the exception is inapplicable to their claim. And because the Contamination Exclusion applies throughout the Policy, the presence of the virus is therefore not a "predicate" for coverage under any other provision, *id.* at 406, including the general "Time Element" and "Civil and Military Authority" coverage provisions Plaintiffs invoke.

Plaintiffs' remaining contentions fare no better. Plaintiffs suggest *San Jose Sharks* does not apply because the plaintiffs there argued only that the Contamination Exclusion did not bar "claims for lost earnings," and the Court of Appeal merely rejected that argument. We disagree. Plaintiffs' narrow reading of *San Jose Sharks* cannot be squared with the Court of Appeal's categorical holding that "viral contamination is excluded from the type of physical loss or damage

4                                                                                    24-7165

insured." *Id.* The court did not limit its holding to "lost earnings"; instead, it recognized that contamination losses are excluded even though viral contamination is a condition "from which diverse losses may flow." *Id.* at 403, 405. Plaintiffs next insist that the Contamination Exclusion is inapplicable because, under the Policy, the various exclusions apply "unless otherwise stated." Yet Plaintiffs identify no provision of the Policy that "otherwise states" that the Contamination Exclusion does not apply. To the contrary, the exclusions apply throughout the Policy, and the Time Element coverage section expressly provides that it is "subject to . . . applicable exclusions . . . all as shown in this section and elsewhere in this Policy."

Finally, Plaintiffs offer three pieces of extrinsic evidence that, in their view, support their proffered interpretation. Under California law, "[t]he test of admissibility of extrinsic evidence to explain the meaning of a written instrument is . . . whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Another Planet*, 548 P.3d at 326. Accordingly, courts must "provisionally" assess extrinsic evidence to determine whether it is relevant. *Id.* Here, as the district court recognized, none of

Plaintiffs' extrinsic evidence is relevant because none of it supports Plaintiffs'

proffered interpretation of the Contamination Exclusion.[3]

For the foregoing reasons, we **AFFIRM.**

---

[3] In their reply brief, Plaintiffs point to two additional pieces of extrinsic evidence. We decline to consider evidence or arguments that were not raised in the opening brief or presented to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).